Delivered January 9, 1891.

————

D. D. AND E. L. DURHAM v. W. J. BETTERTON ET AL.

No. 6758.

**Citation Must State File Number of Suit.** — To hold that the citation in this case, which does not "contain the file number of the suit," is sufficient and will support a judgment by default would be to dispense by judicial construction with a statutory requirement, and in effect repeal that portion of article 1215, Revised Statutes, declaring that the citation "shall state the file number of the suit." Judgment upon such citation is reversed.

APPEAL from Dallas. Tried below before Hon. Geo. N. Aldredge.
The opinion gives a statement.

*C. A. Culberson,* for appellants.— Under the present law one of the requisites of a citation is that it shall state the file number of the suit. The omission is fatal, and may be taken advantage of by motion to set

aside the judgment or on appeal. Sayles' Civ. Stats., art. 1215; Pasch. Dig., art. 1431; Frosch v. Schlumpf, 2 Texas, 422; Burleson v. Henderson, 4 Texas, 49; Norvell v. Garthwaite, 25 Texas, 583; Heath v. Fraley, 50 Texas, 209; 2 Ct. App. C. C., secs. 122, 719.

No brief for appellees.

HOBBY, PRESIDING JUDGE.—Whether a citation which omits to state the file number of the suit is such a compliance with article 1215 of the Revised Statutes as will support a judgment by default, is the first question raised by the assignments of error, and the only one we think necessary to be considered in this case. An essential feature of the citation provided for by the article referred to is that it "shall state the file number of the suit." Prior to the adoption of the Revised Statutes in 1879 this was not required. Pasch. Dig., arts. 1430, 1431.

It is well settled in several decisions that a citation which does not "contain the names of the parties to the suit" is not sufficient to authorize a judgment by default. Norvell v. Garthwaite, 25 Texas, 585; Heath v. Fraley, 50 Texas, 211.

The article cited does not more imperatively require that "the names of all the parties to the suit" shall be contained in the citation than that it "shall state the file number of the suit." The same reason for holding in the cases mentioned that the citation was fatally defective applies to the case under consideration.

Although the citation may be in all other respects perfect, and the objection urged may be therefore plainly technical, still the language of the law is unmistakable and leaves no room for construction. To hold that the citation in this case, which does not "contain the file number of the suit," is sufficient and will support a judgment by default would be to dispense by judicial construction with a statutory requirement, and in effect repeal that portion of article 1215 declaring that the citation "shall state* the file number of the suit."

We think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*