## Ed Pruitt v. The State of Texas.

### No. 751.   Decided February 9, 1899.

**Citation—Copy of Petition—File Mark—Presumption.**

The certified copy of plaintiff's petition required to accompany the citation when served without the county in which suit is pending (Revised Statutes, article 1215) need not contain a copy of the file mark, that being no part of the petition, and it will not be presumed that it did, in order to sustain the service where the citation gave the wrong date.

Questions certified from the Court of Civil Appeals for the Third District, on error from Travis County.

*Sam R. Perryman,* for plaintiff in error.

*M. M. Crane,* Attorney-General, and *E. P. Hill,* Assistant, for defendant in error.

GAINES, Chief Justice.—The Court of Civil Appeals for the Third Supreme Judicial District have certified to this court the following statement and questions:

"This is a suit on bond of tax collector. None of the defendants answered, and the State recovered judgment by default. Ed Pruitt, one of the defendants in the District Court, has sued out a writ of error to this court. The suit was brought in the District Court of Travis County. Pruitt lived in Liberty County, and the citation was addressed to the sheriff of Liberty County.

"In the body of the citation, it is stated that the petition was filed on the 5th day of September, 1895, when in truth, it was filed the 5th day of September, 1893. The citation was dated the 7th day of June, 1895, and it commanded the officer executing it, among other things, to deliver to the said Ed Pruitt the accompanying certified copy of the aforementioned petition. The return of the sheriff shows that he executed the citation on the 10th day of June, 1895, 'by delivering to the within named defendant, Ed Pruitt, in person, a true copy of this citation and the accompanying certified copy of plaintiff's petition.'

"The correct date of the filing of the petition, September 5, 1893, is indorsed on the petition. It is contended on behalf of Pruitt that error was committed in rendering judgment against him by default, because the citation did not corrrectly state the date of the filing of the petition, as required by statute.

"With this statement, the Court of Civil Appeals for the Third District, acting through its chief justice, certifies to the Supreme Court for decision the following material questions in this cause:

"1. In determining the sufficiency of the service upon the defendant Pruitt, was the court below authorized to presume that the certified copy of the plaintiff's petition, which the sheriff states in his return was

delivered to Pruitt, contained a copy of the clerk's file mark, showing that the petition was filed the 5th day of September, 1893?

"2. If this question be answered in the affirmative, is it proper to hold that the file mark indorsed on the copy of the petition was a correction of so much of the citation as stated that the petition was filed on the 5th day of September, 1895?"

The determination of the question certified depends upon the construction of the following articles of the Revised Statutes:

"Art. 1214. Such citation shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be, and shall command him to summon the defendant to appear and answer the plaintiff's petition at the next regular term of the court, stating the time and place of holding the same. It shall state the date of the filing of the plaintiff's petition, the file number of the suit, the names of all the parties, and the nature of the plaintiff's demand, and shall contain the requisites prescribed in article 1447.

"Art. 1215. Where the defendant is to be served without the county in which the suit is pending, a certified copy of the plaintiff's petition shall accompany the citation, and should there be more than one defendant to be served without the county a certified copy of the petition shall be made out for each of them."

It is to be noted that the latter article requires merely that the citation shall be accompanied with a certified copy of the petition, and not with a certified copy of the petition with its indorsements or file mark. The file mark is the memorandum of the clerk of the date of the filing of the petition, and, until corrected by an order nunc pro tunc, is conclusive evidence of such date. It is, however, no part of the petition; and in our opinion the certified copy of the petition which is to accompany the citation need not contain a copy of the file mark. It seems proper that the defendant should be apprised by the service of process of the day on which the suit against him was filed, but this is accomplished by a compliance with article 1214, which requires that the citation "shall state the date of the filing of the plaintiff's petition." It follows from this conclusion that, in our opinion, the court was not authorized to presume that the copy of the petition served upon defendant Pruitt contained a copy of the clerk's file mark.

It has been repeatedly ruled that the provisions of the statute in reference to citations are mandatory, and that unless the citation be in substantial compliance with these statutory requirements it will not support a judgment by default. Durham v. Betterton, 79 Texas, 223; Railway v. Pape, 1 White & W. C. C., sec. 244; Railway v. Erving, 2 Willson C. C., sec. 122; Kirk v. Hampton, 2 Willson C. C., sec. 719.