TEXAS CENTRAL RAILWAY COMPANY v. J. M. WALLER ET AL.

Decided January 18, 1902.

1.—Railroads—Negligence—Construction of Cars.

A railway company is not guilty of negligence in failing to construct its cars in such manner that the brakebeam will pass over a person lying on the track between the rails.

2.—Same—Evidence—Allegation Wanting.

Where, in an action to recover for the death of a brakeman, there was no allegation that the engineer was reckless, testimony tending to show that other men had been killed by his train because of his recklessness was inadmissible.

Appeal from Erath. Tried below before Hon. W. J. Oxford.

*Martin & George,* and *L. W. Campbell,* for appellant.

*Capps & Canty, Daniel & Keith,* and *Theodore Mack,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by the appellee and his wife to recover damages from the appellant occasioned by the alleged negligent killing of their son, aged 25 years, at Cisco, Texas,

on April 11, 1899, and who was in the employment of appellant as a brakeman.

The negligence alleged was the bad condition of the track at the place he was killed, and the negligent and improper construction of the car which run over and killed him, and the negligence of the engineer, fireman, and other employes on the train.

The evidence tended to prove that the train crew were switching cars by "kicking" them back on a side track; that the side track was rough, caused by the sinking of the dirt between the ties, so as to leave the ties several inches above the ground between them. A car was "kicked" back and was moving at the rate of about five or six miles an hour, when the deceased went on the track in front of it in order to place a coupling pin in the drawhead which had fallen from another car, and stood in the middle of the track until the car came near enough to place the pin in the drawhead, running backwards to keep the car from knocking him down, and attempted to leave the track, when his foot, it seems, struck a tie and he fell, and in his effort to rise the car struck him and knocked him down and passed over him, the brakebeam thereof rolling him and crushing him to death.

The evidence tends also to show that this car was an old type of freight car, not much in use now, and that the brakebeam thereof hung lower than they do as a rule on more modern cars; that they hung within about $3\frac{1}{2}$ inches of the top of the rail. But the only rule of the master car builders on the subject is, as the evidence tends to show, that the beam shall not hang lower than $2\frac{1}{2}$ inches above the top of the rail.

On the trial the court charged the jury as follows: "Or if you find and believe from the evidence that said John Waller was knocked down by said car and that he could not escape its passing over him after being so knocked down, and that he then lay flat with his face to the ground for the said car to pass over him, and if you further find and believe from the evidence that the brakebeam upon said car came so low and close to the track that it caught and crushed said John Waller and thereby killed him, and you further find and believe from the evidence that the closeness to the ground to which said brakebeam hung on said car constituted a defect in said car, and that said defect (if you find it was a defect) in said car was the direct and proximate cause of the injuries which resulted in John Waller's death, and you further find that it constituted negligence in defendant to permit the use of said car with such brakebeam, and if you further find and believe from the evidence that said Waller was not informed and did not know of said defect in said car which caused his death (if you find that it did so, and was a defect), and you further find and believe that in going in front of said car at the time and place and under the circumstances said Waller went in front of same was such as an ordinarily prudent brakeman would have done under the same or similar circumstances, and you further find that the plaintiffs were damaged by his death,   *   *   *   you will find for the plaintiffs."

Appellant contends that this charge was error, "because the defendant company is not required to construct its brakebeams in such a way as that they will pass over persons lying upon the track, and the defendant company would not be guilty of negligence in failing to so construct its cars; and because it was not contemplated by the builders of railroad cars that any prudent person would ever place himself upon the track and lie down for the purpose of permitting such cars and brakebeams attached thereto to pass over them; and because there is no law requiring any standard height to brakebeams, and no law requiring them to be sufficiently high above the track or the ties to permit them to pass over persons lying upon the track."

We think this assignment of error will have to be sustained. Car builders are not required to fix their brakebeam high enough to pass over persons who may fall upon the railroad track, any more than they should make them light enough not to cut of a man's leg if they should happen to run over it. They are built with the view of bearing burdens and carrying them safely, and the brakes are constructed and placed where they will be most efficient in stopping the car when necessary to apply them. Persons must not place themselves where they will be knocked down and run over by cars. If they do in cases where they are not ordered there, or where their duty does not require them to go there, they assume the risk of being injured by the brakebeams if they are knocked down or fall down and the car passes over them. Unless, therefore, the appellant was guilty of negligence in some other respect besides the placing of the brakebeam where it was, it is not liable for the injury complained of, and the learned court below erred in submitting this issue to the jury, and in allowing a recovery on that ground.

· The third assignment complains of the admission of the evidence of A. G. Hawkins, drawn out by appellees on cross examination, to the effect as follows: "Q. Was not the engineer reckless, and did he not have the reputation of being a reckless engineer? A. I never considered him so. Q. Had he not killed three men before this? A. I don't remember how many men have been killed by his train. There was one I remember in particular." This was objected to because it was "immaterial and calculated to prejudice the rights of defendant with the jury."

We think this objection was well taken. There was no allegation of recklessness of the engineer, and the examination in chief did not require or permit such questions to be asked. The evidence was plainly calculated to prejudice the minds of the jury against the defendant, and were not admissible under the allegations of the petition.

We find no other material error in the record, but because the court erred in giving the charge and admitting the evidence aforesaid, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*