## W. D. CRENSHAW v. J. A. HEMPEL.

Decided April 20, 1910.

**1.—Briefs—Practice on Appeal.**

Failure of plaintiff in error to file a copy of his brief in the trial court does not deprive defendant in error of opportunity to reply, where he has been furnished a copy in sufficient time; he is not entitled, unless prejudiced

by the failure, either to have the writ dismissed, or his adversary's brief struck out and the cause submitted on his own brief alone.

**2.—Citation—File Number—Place of Holding Court.**

A citation which fails to state the place for holding court, or which omits to give the file number of the suit, these being statutory requirements, is insufficient to support a judgment by default. The fact that the file number is indorsed on the back of the writ does not aid it, such indorsement constituting no part of the citation.

Error from the County Court of Coleman County. Tried below before Hon. T. J. White.

*Snodgrass & Dibrell,* for plaintiff in error.—A citation which fails to state the place of holding the court is insufficient to support a judgment by default. Rev. Stats., art. 1214.

A citation which does not state the file number of suit will not support a judgment by default. Sayles' Civ. Stats., art. 1214; Durham v. Betterton, 79 Texas, 223; Pruitt v. State, 92 Texas, 434; Dunn v. Hughes, 36 S. W., 1084; International & G. N. R. Co. v. Pope, 1 Texas App. Civ., sec. 242; Houston, E. & W. T. Ry. Co. v. Erving, 2 Texas App. Civ., sec. 122; Block v. Weiller, 2 Texas App. Civ., sec. 503; Kirk v. Hampton, 2 Texas App. Civ., sec. 719.

*E. M. Critz,* for defendant in error.—A judgment rendered in this cause was one that the court below could lawfully render, and was rendered upon service of citation and default on the part of the defendant below. Rules for the Courts of Civil Appeals, No. 42; Rev. Stats., arts. 1417 and 1022; Werner v. Kasten, 25 S. W., 317; Elkins v. Kempner, 66 S. W., 576; Hunt v. Glasscock, 27 Texas Civ. App., 322; Bowman v. Hoffman, 28 Texas Civ. App., 311; San Antonio & A. P. Ry. Co. v. Brock, 77 S. W., 953; Bowden v. Patterson, 108 S. W., 177; Nida v. Cochran, 48 Texas Civ. App., 259; Ft. Worth & D. C. Ry. Co. v. Moore, 106 S. W., 190.

RICE, ASSOCIATE JUSTICE.—This writ of error was sued out from a judgment by default, obtained against plaintiff in error by defendant in error on a promissory note foreclosing a mortgage lien on certain personal property. No brief was filed in the District Court by plaintiff in error, but he has filed his brief in this court, and defendant in error presents his motion to strike out the same, based upon the ground that no brief was filed in the District Court as required by law (Revised Statutes, art. 1417, and Rule 39 of this court), and prays that the case may be submitted on his brief alone, which is filed with and accompanies this motion, the same being prepared in accordance with Rule 42 of the Courts of Civil Appeals.

By Rule 39 for the government of the Supreme Court and this court, a failure on the part of appellant or plaintiff in error to file his brief in the District Court is made ground for dismissing the appeal; but Rule 42 provides that, "when an appellant or plaintiff in error has failed to prepare the case for submission by the omission of what is required after bond or affidavit filed for appeal and for writ

of error with citation served, the appellee or defendant in error, before the call of the case, may file in the Appellate Court a brief in the manner required of the appellant or plaintiff in error, except that his propositions will be shaped so as to show the correctness of the judgment, which the court in its discretion may regard as a correct presentation of the case, without examining the record further than to see that the judgment is one that can be affirmed upon the view of the case as presented by appellee or defendant in error."

Defendant in error insists that, by reason of the rule last quoted, he has the right of election between these modes of procedure; and therefore, instead of moving to dismiss the appeal, he makes his motion to strike out plaintiff in error's brief, and have the case presented for the consideration of this court upon his brief alone. We think the exercise of either dependent upon the question as to whether or not the appellee or defendant in error has been deprived of the right of replying to said brief, on account of said failure to so file the same on the part of plaintiff in error. We find from the recitals of said motion that a copy of plaintiff in error's brief was delivered to counsel for defendant in error on the first day of April, 1910, twelve days before the day set for the submission of this case in this court, which, in our judgment, was ample time within which for defendant in error to have prepared his brief in answer to that of plaintiff in error. This being true, and the submission of the case not being delayed on account of plaintiff in error's failure to file his brief in the District Court as required by the rules, the object of the law, it seems to us, has been complied with, and, upon the authority of the case of San Antonio & Aransas Pass Ry. Co. v. Holden, 93 Texas, 211, 54 S. W., 751, we overrule defendant in error's motion to strike out said brief, and will proceed to a consideration of the case upon its merits.

There are but two assignments of error, each of which attacks the validity of the citation; the first on the ground that the same omits to state the place of holding the County Court of Coleman County, and the second, that said citation fails to state the number of the case, as required by law. The citation, so far as the points presented, reads as follows: "To the Sheriff or any Constable of Coleman County, said State, greeting: You are commanded to summon W. D. Crenshaw to be and appear before the Honorable County Court of Coleman County, Texas, at the next regular term thereof, to be holden at the courthouse in ............ on the first Monday in April, 1909, then and there to answer the plaintiff's petition filed in a suit in said court on the 27th day of January, 1909, wherein J. A. Hempel is plaintiff and W. D. Crenshaw is defendant, file number of said suit being No. ........."

The number, style and date of issuance, however, is endorsed upon the citation by the clerk of the court. Article 1214 of the Revised Statutes, prescribing the requisites of a citation, reads as follows: "Such citation shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be, and shall command him to summon the defendant to appear and answer the plaintiff's petition at the next regular term of the court, *stating the time and place of holding the same.* It shall state the date of the filing

of plaintiff's petition, the file number of the suit, the names of all the parties, and the nature of the plaintiff's demand, etc."

Observance of these statutory requirements with reference to the citation have often been held mandatory, and a failure to comply with them held fatal to the writ. In Durham, v. Betterton, 79 Texas, 223, a case in which the citation, as in this, omitted to state the file number of the suit, it is said:

"It is well settled in several decisions that a citation which does not 'contain the names of the parties to the suit' is not sufficient to authorize a judgment. by default. Norvell v. Garthwaite, 25 Texas, 585; Heath v. Fraley, 50 Texas, 211. The article cited does not more imperatively require that 'the names of all the parties to the suit' shall be contained in the citation than that it 'shall state the file number of the suit.' The same reason for holding, in the cases mentioned, that the citation was fatally defective, applies to the case under consideration."

The court further says: "Although the citation may be in all other respects perfect, and the objection urged may be therefore plainly technical, still, the language of the law is unmistakable and leaves no room for construction." And closes by adding that, "to hold that a citation which does not contain the file number of the suit is sufficient, and will support a judgment by default, would be to dispense by judicial construction with a statutory requirement and, in effect, repeal that portion of the statute declaring that the citation shall state the file number of the suit."

We think this reasoning applies with equal force to a failure to state the place for holding the court. The law being mandatory, both of these requirements must be set forth in the citation. In support of this, see the following authorities: Pruitt v. State, 92 Texas, 434, 49 S. W., 366; Dunn v. Hughes, 36 S. W., 1084; Roberts v. Stockslager, 4 Texas, 307; International & G. N. R. R. Co. v. Pope, 1 App. C. C., sec. 242; Houston, E. & W. T. Ry. Co. v. Erving, 2 App. C. C., sec. 122; Block v. Weiller, 2 App. C. C., sec. 503; Kirk v. Hampton, 2 App. C. C., sec. 719; Higgins v. Sheppard, 107 S. W., 79. It is true that the number of the case is endorsed upon the citation. We do not think, however, that this satisfies the requirement of the law in this respect, or that it is equivalent to inserting the same in the face of the citation, because the endorsement is no part of the writ itself. In Pruitt v. State, supra, Chief Justice Gaines holds that the endorsement upon the petition is no part of the petition itself. In the recent case of Wichita Mill & Elevator Co. v. State, 57 Texas Civ. App., 165, 122 S. W., 427, it was likewise held that the endorsement on the petition is no part of the petition, and need not be included in the copy served on the defendant.

It is true that in the case of McLane v. Kirby, 54 Texas Civ. App., 113, 116 S. W., 119, where a similar question was up for consideration to the one here involved, it seems to have been held that where the number was not stated in the body of the citation, and was endorsed on it near the title of the case, as appears on the face of the citation, that it was held sufficient, citing Collins v. Hines, 100 Texas, 304, in support thereof. We do not think that either of said cases are

in conflict with this holding, because in McLane v. Kirby, supra, it affirmatively appears that the number was written in the face of the citation; and as the law does not specify in what part of the citation the number should be stated, it seems that this would satisfy its demands. The point involved in the case of Collins v. Hines, supra, was as to whether an execution was void or voidable on account of failing to ·state the name of the plaintiff in the body of the writ where the number and style of the case was endorsed on the same, the court holding that a failure to so state the name of the plaintiff in the writ did not render it void, but merely voidable, but intimated· that if the name of ·the defendant had been left blank the writ would have been held void. The last case, however, had application to an execution, and the courts indulge a more liberal construction with reference to executions than towards the requirements of citations, and especially so with Justice Court executions, as was the one under consideration in that case. But even if it were conceded that the execution was sufficient on account of the number being endorsed on the back, still the citation is bad for the reason that it omits to state the place where the court was to be held.

Believing that the citation is fatally defective in both particulars, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*