SIMMS et al. v. MIEARS. (No. 5715.)

(Court of Civil Appeals of Texas. Austin. Nov. 29, 1916. Rehearing Denied Dec. 23, 1916.)

Process ⊕⚬24—Requisites—Statute.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1852, requiring a citation to state the date of the filing of the plaintiff's petition, etc., a citation in a suit for partition of land which failed to give the true date of filing of plaintiff's petition, but gives another and different date, is fatally defective, and the court acquired no jurisdiction over the defendants by reason thereof.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 9, 19; Dec. Dig. ⊕⚬24.]

Error from District Court, Caldwell County; Frank S. Roberts, Judge.

Suit for partition by A. J. Miears against E. V. Simms and others. From a judgment for plaintiff by default, defendants bring error. Reversed and remanded.

J. B. Hatchitt, of Lockhart, for plaintiffs in error. Nye H. Clark, of Lockhart, for defendant in error.

RICE, J. Defendant in error Miears brought this suit for partition of three certain tracts of land in Caldwell county against E. V. Simms, D. C. Simms, Matthew Simms, Vinie Simms, Nathaniel Simms, Lee Simms, and Ida and Henrietta Petty, the last two of whom are minors, making the usual allegations necessary in such suits. At a former term of the court defendant in error acquired by purchase at a foreclosure sale the interest of E. V. Simms in said land.

None of the plaintiffs in error (defendants below) having answered, judgment went against them by default; and the court having found that the land was incapable of partition, the same was sold under order of the court and bought in by defendants in error, and this writ of error is sued out for the purpose of setting aside said judgment, on the ground that plaintiffs in error were not legally served with citation herein, as required by law.

It appears from the record that the plaintiff's original petition was filed in said court on the 6th of October, 1915; whereas the citations served upon Henrietta Petty, Lee Simms, and Matthew Simms, as shown by the sheriff's return, states that the petition was filed on the 5th of October, 1915. Article 1852, vol. 2, Vernon's Sayles' Civ. Stats., prescribes what a citation shall contain; and, among other things, requires that it shall state the date of the filing of the plaintiff's petition, the file number of the suit, the names of all the parties, and the nature of the plaintiff's demand, and shall contain the requisites prescribed in article 2180. It has frequently been held that the requirements of this article are mandatory, and a failure to comply with its provisions will vitiate the citation. See Durham v. Betterton, 79 Tex. 223, 14 S. W. 1060; Pruitt v. State, 92 Tex. 434, 49 S. W. 366; Dunn v. Hughes, 36 S. W. 1084; Leavitt v. Brazelton, 28 Tex. Civ. App. 4, 66 S. W. 466; Duke v. Spiller, 51 Tex. Civ. App. 237, 111 S. W. 787; Crenshaw v. Hempel, 60 Tex. Civ. App. 385, 130 S. W. 731.

The citation in this case, we think, is fatally defective, in that it fails to give the true date of the filing of plaintiff's petition, but gives another and a different date. Defendant in error contends, however, that this defect was technical, and could not affect the rights of the parties; and he therefore insists that plaintiffs in error's assignments presenting it should be overruled. It does not appear to be immaterial, however, and in the instant case might become a matter of serious importance to the plaintiffs in error. Suppose, for instance, that they wished to interpose the statute of limitation, and their right became perfect thereunder on the 6th of October, but believing that the suit was filed, as stated in the citation, on the 5th, before their right had accrued, they made default. It will thus be seen that they would have lost a material right by reliance on the date stated in the citation.

On account of the failure of the citation to state the true date of the filing of the plaintiff's petition, we hold that the same is void, and that the court acquired no jurisdiction over plaintiffs in error by reason thereof, for which reason the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.