## KIMMELL v. EDWARDS et al.
## (No. 8459.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 20, 1917. Rehearing Denied Feb. 24, 1917.)

1. PROCESS ⊙⟲24, 64—STATUTORY REQUIREMENTS—IRREGULARITY AND EFFECT.
    The statutory requirements regarding citations and the service thereof must be strictly followed to acquire jurisdiction.
    [Ed. Note.—For other cases, see Process, Cent. Dig. §§ 9, 19, 55, 56, 76–82.]

2. PROCESS ⊙⟲66—VALIDITY—COPY OF PETITION.
    Service of a citation without a copy of the petition certified to be such, is insufficient where defendant lives in another county, although a copy of the petition was attached to the citation and certified to state the nature of the plaintiff's demand.
    [Ed. Note.—For other cases, see Process, Cent. Dig. § 53.]

3. NOTICE ⊙⟲6—FACTS PUTTING ON INQUIRY.
    A person is charged with notice of a fact when he has notice of other facts sufficient to put a reasonably prudent person upon inquiry, and which, if pursued with reasonable diligence, would lead to the discovery of such fact.
    [Ed. Note.—For other cases, see Notice, Cent. Dig. § 4–7.]

4. NOTICE ⊙⟲15—JURY QUESTION.
    Ordinarily, knowledge of an existing state of facts is a jury question.
    [Ed. Note.—For other cases, see Notice, Cent. Dig. § 41.]

5. JUDGMENT ⊙⟲138(3)—SETTING ASIDE DEFAULT—LACK OF DILIGENCE.
    A default judgment cannot be set aside for lack of proper service if a person of ordinary prudence would have discovered the judgment's entry in time to have filed a motion for new trial at the same term of court.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 254.]

6. JUDGMENT ⊙⟲463 — SETTING ASIDE DEFAULT—JURY QUESTION.
    Whether a defendant defectively served should have discovered a default judgment in time to have moved for a new trial at the same term of court held a jury question.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 896.]

7. PROCESS ⊙⟲52—AUTHORITY TO SERVE—DE FACTO OFFICER.
    Service by a person generally recognized as the acting constable is sufficient.
    [Ed. Note.—For other cases, see Process, Cent. Dig. §§ 59–63.]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Suit by John C. Kimmell, Jr., against E. F. Edwards and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Cunningham & Oliver, of Abilene, for appellant. J. M. Wagstaff, of Abilene, and D. M. Cogdell, of Winters, for appellees.

DUNKLIN, J. This suit was instituted by John C. Kimmell, Jr., to cancel a certain judgment for $1,329.15 against him in favor of E. F. Edwards, rendered by the district court of Taylor county, and to restrain the threatened collection of said judgment by execution, and from a judgment in the present suit denying the relief sought, the plaintiff has appealed.

It was alleged in plaintiff's petition that the former judgment was void and of no legal effect by reason of the fact that he was never served with a citation and certified copy of plaintiff's petition in such suit; that the suit was instituted in Taylor county, and defendant therein then resided in Ellis county; that no appearance was entered in said suit by him, and he never waived the issuance and service of proper process therein; and that the judgment so rendered was by default. It was further alleged in the petition that the cause of action asserted in that suit was a promissory note executed by plaintiff, Kimmell, in favor of A. B. Cogdell, for an undivided one-half interest in and to a stock of merchandise purchased for a total consideration of $1,500 from the said Cogdell, of which the sum of $500 was paid in cash, at

the time of such purchase, and said note executed for the balance; that plaintiff received no valuable consideration for said note; that afterwards said E. F. Edwards purchased the note from the payee with full notice of such lack of consideration; that plaintiff was a minor at the time he executed the note, and he repudiated the same, both before and after he reached his majority. He further alleged that he never realized but $35 from the sale of the merchandise so purchased by him from Cogdell and later disposed of. He further alleged that he had no knowledge of the rendition of said jugment on February 27, 1912, until January 28, 1915, at which time it was too late to prosecute a writ of error or appeal from said judgment, and for that reason no such steps had been taken.

Upon the trial plaintiff admitted that he was served with a copy of the citation issued in said suit, but testified that no certified copy of the petition was attached to the citation and served upon him at that time. There was testimony in a measure tending to controvert the latter statement, but it was uncontroverted that the copy of the citation which was served upon him contained a true copy of the plaintiff's petition in the suit upon which the citation was issued. The judgment rendered in that suit was by default, and was dated February 27, 1912, and the present suit was instituted April 6, 1915. Plaintiff further testified that he did not learn that the judgment had been rendered against him until Christmas of the year 1914. He further testified that when he was served with the citation he showed it to his father, and also to his brother-in-law, and further as follows:

"I did not have any lawyer. I did not employ any lawyer at all. I am not a lawyer, and I didn't know whether there was or was not anything wrong with the citation, and I don't know now. Why, no, I didn't expect or know that there was going to be a judgment rendered against me. I took this thing to my father and asked him about it, and he said that it was no account, and that they could not do anything with it. I expected a judgment would be rendered against me on it until I went and asked my father about it, and he told me that they could get no judgment against me. I did not think then they would get a judgment against me. I never made any inquiry afterwards to see whether a judgment had been rendered against me, and never took any steps at all to find out whether any judgment had been rendered against me. I don't remember the date I was cited to appear. At the time I had a conversation with my father about this matter my mother did not try to get me to come and find out about it. She knew that I could not come; that I did not have the wherewith to come nor to hire a lawyer at the time. I did not figure that I was insolvent, and that it would do no good for them to get judgment against me. I didn't figure anything about it."

The evidence further shows that at the time of service of the citation upon him in that case he was more than 22 years old.

Following the identification of plaintiff's petition filed in that suit by giving the date of its filing, the parties plaintiff and defendant, and the file number of the suit, the citation contains this statement: "The nature of the plaintiff's demand is as follows, to wit." Immediately following that statement is a full and complete copy of the petition, including the names of the attorneys who signed the same for the plaintiff, and the citation was duly signed and attested by the clerk of the court who issued it. After hearing the evidence indicated above, the trial judge refused to hear further evidence in support of plaintiff's allegations that he had a meritorious defense to the cause of action asserted in the former suit, and instructed a verdict for defendant Edwards; and error is assigned to that instruction.

[1] It is well settled by the decisions that, in order to acquire jurisdiction of the defendant, the requirements of the statutes with respect to citations and the service thereof must be strictly followed. In Durham v. Betterton, 79 Tex. 223, 14 S. W. 1060, Duke v. Spiller, 51 Tex. Civ. App. 237, 111 S. W. 787, and Crenshaw v. Hempel, 60 Tex. Civ. App. 385, 130 S. W. 731, it was held that the failure of the citation to give the number of the suit on the trial docket was fatal to a judgment by default on an appeal from such judgment. In Le Master v. Dalhart Real Estate Agency, 56 Tex. Civ. App. 302, 121 S. W. 185, and Leavitt v. Brazelton, 28 Tex. Civ. App. 3, 66 S. W. 466, it was held that the failure of the citation to give the date that the petition was filed was also fatal. In Lauderdale v. Ennis Stationery Co., 80 Tex. 496, 16 S. W. 308, and Lazarus v. Barrett, 5 Tex. Civ. App. 5, 23 S. W. 822, it was held that the failure to serve the defendant with a certified copy of the petition was insufficient to give jurisdiction, even though a true copy in fact was served. See, also, Roberts v. Stockslager, 4 Tex. 307; Tullis v. Scott, 38 Tex. 542.

[2] The copy of the petition shown in the citation was not certified to by the clerk as a true copy of the petition, but it was only certified as a statement of the nature of the cause of action set forth in the petition, and we are of the opinion that the service of this citation, without the service of a certified copy of the petition also, was insufficient to give the court jurisdiction over the defendant Kimmell. The present suit was a direct attack upon the judgment rendered in the former suit, and if jurisdiction of the court did not attach, that fact would be a sufficient basis to sustain such attack, provided Kimmell is not precluded from resorting to such a suit by the rules of equity applicable in such cases. Harn v. Phelps, 65 Tex. 592, was a suit to set aside a judgment rendered at a former term of the court, and in that case our Supreme Court said:

"To entitle the appellants to the relief now sought it is necessary that they should show that they were prevented from urging, against the judgment of which they complain, objections which would, or ought to, have prevented its

rendition, and that this prevention resulted from fraud, accident, or the act of the adverse party, without fault or negligence on their part. Goss v. McClaren, 17 Tex. 107 [67 Am. Dec. 646]; Plummer v. Power, 29 Tex. 7; Vardeman v. Edwards, 21 Tex. 727; Overton v. Blum, 50 Tex. 417; Johnson v. Templeton, 60 Tex. 239; Nevins v. McKee, 61 Tex. 413."

In Brownson v. Reynolds, 77 Tex. 254, 13 S. W. 986, which likewise was a suit brought to set aside a judgment rendered in a former suit, the following was said:

"It is also a fixed rule that a court of equity will not interfere to set aside a judgment and grant a new trial except upon a showing of strict diligence in the presentation of the cause, and upon proof that, after doing all that such diligence required to be done, he had been deprived by fraud, accident, mistake, or other uncontrollable circumstances, of the opportunity of properly presenting his case upon the trial. And if after it has become apparent that he must fail in his suit, he fails to avail himself of all means at his disposal to arrest the judgment and to exhaust every legal remedy to vacate it after it has been rendered, relief will be denied. That the complainant has a meritorious case, and that he has been compelled to suffer an adverse judgment by circumstances wholly beyond his control, are the fundamental grounds upon which the equity to demand a new trial must rest."

In Johnson v. Templeton, 60 Tex. 238, which was an original action to set aside a judgment rendered in a former suit, our Supreme Court said:

"Where the final judgment of a court of competent jurisdiction has been once solemnly pronounced, it ought not to be lightly disturbed. It is alike the interest of individual suitors and of the public at large that there should be at some period an end put to litigation. For these and many other good reasons, though the power of courts of equity to restrain final judgments and to entertain bills for new trial in such cases is well established, it never has at any time been regarded as a favorite one with chancellors. Such bills seeking relief from final judgments, solemnly rendered in the due and ordinary course of the administration of justice by courts of competent jurisdiction, are always watched by courts of equity with extreme jealousy, and the grounds upon which interference will be allowed are, confessedly, narrow and restricted. It will not be sufficient to show that injustice has been done by the judgment sought to be enjoined. It must further distinctly and clearly appear that that result was not caused by any inattention or negligence on the part of the person aggrieved, and he must, among other matters, show a clear case of diligence and of merit to obtain the interference of a court of equity in his behalf at such a stage of the case."

Hamblin v. Knight, 81 Tex. 351, 16 S. W. 1082, 26 Am. St. Rep. 818, was a suit to enjoin the collection of a judgment rendered at a former term of court. It appeared that the complainant had never been served with citation, nor had he voluntarily appeared, or authorized any one to enter an appearance for him in the former suit, and it further appeared that he did not know of the rendition of the judgment until more than two days had expired after its rendition, although he did acquire such information during the term of court at which it was rendered. In disposing of that case our Supreme Court held, in effect, that as the same grounds re-

lied on to set aside the judgment could have been urged in a motion for new trial, the suit for injunction to restrain the collection of the judgment could not be maintained. That decision was approved in Owens v. Cage & Crow, 101 Tex. 286, 106 S. W. 880, in which it was remarked that it was well supported by authority, and "23 Cyc. 981 et seq." was cited, although it was further held that the decision was not applicable in the case then under discussion, as the party there complaining was in fact never a party to the former suit, and the court saying:

"Only parties to a suit are required or ordinarily permitted to move for a new trial, and this condition could be imposed upon her only upon the theory that she was properly in the case."

The officer's return upon the citation in the present suit recited that John C. Kimmell, Jr., was served with "a true copy of this citation (together with the accompanying certified copy of the plaintiff's petition)." The judgment entered in that case contains, among others, the recital that it appeared "to the satisfaction of the court that the defendant had been duly and legally served with process personally executed upon him for more than ten days before the first day of this term of court," and that he had failed to appear and contest plaintiff's demand, but had wholly made default. It thus appears that the judgment sought to be enjoined and the process upon which it was rendered were in all respects regular and valid, and the rules of equity announced in the decisions cited above with respect to the rights of a defendant to set aside such a judgment apply with full force here.

[3, 4] It is elementary that a person is chargeable with knowledge of a fact whenever he has notice of other facts which are sufficient to put a reasonably prudent person upon inquiry that, if pursued with reasonable diligence, would lead to a discovery of such fact. See 29 Cyc. 1114, and the many decisions cited in 13 Encyc. Digest of Texas Reports, p. 543. It is a general rule also, which we think applicable here, that knowledge or notice of an existing state of facts is a question of fact to be determined by the jury. Galveston v. Hemmis, 72 Tex. 558, 11 S. W. 29, 13 Am. St. Rep. 828; Klein v. Dallas, 71 Tex. 280, 8 S. W. 90; Hines v. Perry, 25 Tex. 443.

[5] If Kimmell was served with a certified copy of the plaintiff's petition, as stated in the officer's return on the citation, he has no cause of action in the present suit to set aside the judgment, even though he had a meritorious defense to that suit. If he was not served with a certified copy of the petition, yet if a person of ordinary prudence similarly situated, after being served with the same copy of the citation, would have discovered the fact of the rendition of the judgment in time to file a motion for new trial before the adjournment of the term of

court at which it was rendered, then Kimmell would be precluded in this suit from setting aside the judgment to the same extent as if he had been served with a certified copy of plaintiff's petition in addition to a copy of the citation.

[6] Whether or not Kimmell was served with a certified copy of the petition in that suit, and whether or not the service of citation upon him, without the service of a certified copy of the petition also, as testified to by him, was, under all the facts and circumstances in evidence, sufficient to put a reasonably prudent person, similarly situated, upon notice that a judgment would likely be rendered against him by default in the absence of his appearance, were issues of fact which should have been submitted to the jury under appropriate instructions from the court, and the peremptory instruction of the court to return a verdict in favor of defendants was therefore erroneous, for which error the judgment must be reversed.

[7] The officer who served the citation signed the return as "Constable, Midlothian, Ellis County, Texas." There is no statute for the election of constables for towns, but for precincts of counties only. The contention is made that C. M. Meadors, the constable who served the writ, was not a constable of the precinct in Ellis county where the town of Midlothian was situated. On the contrary, plaintiff himself testified:

"The citation was delivered to me by C. M. Meadors. He was supposed to be constable. I do not know that he was constable down there. I was not there when he was elected. I lived there at Midlothian at the time he served me, and know that he was recognized as constable of that precinct."

Under such circumstances there is no merit in appellant's contention that the return on the citation did not show service by a legally authorized officer to make such service. Calvert, W. & B. V. Ry. Co. v. Driskill, 31 Tex. Civ. App. 200, 71 S. W. 997.

For the reasons above noted, appellant's motion for rehearing is granted, our former decision affirming the judgment of the trial court is set aside, and the opinion then filed is withdrawn; the judgment of the trial court is reversed, and the cause remanded for further proceedings in conformity with this opinion.