SMITH, Sheriff, et al. v. BUCKHOLTS STATE BANK et al. (No. 5753.)

(Court of Civil Appeals of Texas. Austin. March 7, 1917.)

1. PROCESS ☞33 — SERVICE OF CITATION — TIME FOR ANSWER.

A citation, commanding the defendants to answer the petition five days before it was filed, which was an impossibility, was fatally defective.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 12, 13, 27.]

2. PROCESS ☞24—CITATION—UNCERTAINTY—INTENDMENT.

The want of proper certainty in a citation cannot be supplied by construction or intendment.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 9, 19.]

3. JUDGMENT ☞17(9)—CITATION—STATUTE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 1852, prescribing the requisites of a citation, must be strictly complied with, and a citation in any respect omitting a requisite will not support a default judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 31.]

4. PROCESS ☞24—CITATION—DATE OF FILING PETITION.

A citation was fatally defective where it failed to state the true date of the filing of plaintiff's petition, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1852, as such requirement is mandatory and must be observed.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 9, 19.]

Error from District Court, Milam County; J. C. Scott, Judge.

Action by the Buckholts State Bank against R. S. Smith, sheriff of Bandera County, G. D. Cox, W. J. Davenport, G. Hicks, W. J. Davenport, Sr., and others. Suit dismissed as to the other defendants, and default judgment against the named defendants, and they bring error. Reversed and remanded.

W. S. Ethridge and H. C. Duffy, both of Bandera, and Henderson, Kidd & Gillis, of Cameron, for plaintiffs in error. Morrison & Lewis, of Cameron, for defendants in error.

RICE, J. On the 26th day of May, 1914, the Buckholts State Bank recovered judgment in the district court of Milam county against I. B. Williams and A. J. Stone, jointly and severally, for the sum of $2,974.11, together with interest and costs of suit, decreeing foreclosure of its mortgage lien on 51 head of cattle belonging to Williams, provid-

ing for the issuance of order of sale in satisfaction of said judgment. This suit was originally brought on the 24th day of March, 1915, against R. S. Smith, sheriff of Bandera county, Tex., G. D. Cox, W. J. Davenport, G. Hicks, J. F. Haby, J. W. Short, W. J. Davenport, Sr., and C. Lewis, sureties on the official bonds of said sheriff, and against O. Thellman and J. E. Barnett, all residents of Bandera county, alleging that it had placed an order of sale in the hands of such sheriff, with indemnity bond, requesting that he levy upon and sell said cattle in satisfaction of such judgment, further alleging the insolvency of Williams and Stone, and seeking the recovery of damages against Smith and his sureties for failing and refusing to sell certain of said cattle levied on under such order of sale, alleging that Barnett and Thellman, who were in no way connected with said officer as sureties, claiming prior liens on said cattle, conspired with and fraudulently prevented him from making the levy upon and sale of such cattle, whereby it suffered loss, praying for judgment for its debt, interest and costs of suit. Service was had upon all of the defendants more than five, but less than ten, days before the appearance day of the next term of court, except Barnett, who had never been served. On that day, however, no answer having been filed by any of the defendants, an interlocutory judgment by default was taken against all of them except Thellman and Barnett, and subsequently during the same term, the case was dismissed by the bank against Thellman, Barnett, Haby, Shaw, and Lewis, as well as all of its cause of action, except that part alleging failure and refusal of the sheriff to sell the cattle under said order of sale, and judgment final was entered against the other defendants for the sum of $1,005, being the value of the cattle which had been levied upon, but which the sheriff had refused to sell, together with all costs, from which judgment this writ of error was sued out.

We will pretermit a discussion and decision of the question raised by the first assignment of error, which claims that, this being a common-law action for damages, it was improper for the bank to have dismissed its suit and the cause of action against the parties named, and take judgment by default against the others, because none of them was served with citation for a sufficient length of time to justify such action upon the part of the court, for the reason that it is not necessary, in the view that we take of this case, to pass upon and determine such question, but sustain the second assignment of error, which challenges the legal sufficiency of the citation served upon the plaintiffs in error against whom judgment was taken.

[1] The record shows that the petition was filed and citation issued on the 24th day of March, 1915, but the citation states that the petition was filed in the district court of Milam county on the 24th day of April, 1915, and commanded the constable of Bandera county, to whom it was directed, to summon said defendants to be and appear before the honorable district court of Milam county at the next regular term thereof, to be held on the 19th day of April, 1915, the same being the third Monday in said month, to answer plaintiff's petition. So that it appears therefrom that said parties were commanded to answer the petition five days before it was filed, which was an impossibility, and for which reason the citation was fatally defective. See Taylor v. Taylor, 157 S. W. 1184, and cases there cited.

[2] It has been held in Wright v. Wilmot, 22 Tex. 398, and also in McNeil v. Ballinger, 1 White & W. Civ. Cas. Ct. App. § 841, that "the want of proper certainty in" the citation "cannot be supplied by construction or intendment."

[3] Article 1852, vol. 2, Vernon's Sayles' Rev. Civ. Stats., provides that such citation shall be directed to the sheriff of any constable of the county where the defendant is alleged to reside or be, and shall command him to summon the defendant to appear and answer the plaintiff's petition at the next regular term of the court, stating the time and place of holding same. It shall state the date of the filing of plaintiff's petition, the file number of the suit, the names of all the parties, and the nature of the plaintiff's demand, and shall contain the requisites prescribed in article 2180. And it has been held that a citation in any respect omitting a requirement of the law will not support a judgment by default. See I. & G. N. R. R. Co. v. Pape, 1 White & W. Civ. Cas. Ct. App. § 242. And it has also been held that this article must be strictly complied with. Dunn v. Hughes, 36 S. W. 1084; American National Insurance Co. v. Rodriquez, 147 S. W. 678.

[4] The citation, in our judgment, was likewise fatally defective because it failed to state the true date of the filing of plaintiff's petition, as required by the statute above quoted. It is true, as contended by counsel for defendants in error, that in the case of Pruitt v. State, decided by this court, reported in 47 S. W. 553, where, in a suit brought against the tax collector and his sureties, the citation was dated June 7, 1895, and stated that the petition was filed September 5, 1895, when it was really filed September 5, 1893, and commanded the officer executing it to deliver to defendant "the accompanying copy of the aforesaid petition," the sheriff served the citation and delivered the copy of the petition on which the proper date of filing was indorsed, it was held that the copy of the petition was a part of the citation and corrected the erroneous date therein. But, on certified question to the Supreme Court in that case, such ruling was held to be error, Mr. Chief Justice Gaines stating that the file mark is merely the

memorandum of the clerk, and no part of the petition, and that the court was not authorized to presume that the copy of the petition served upon the defendant Pruitt contained a copy of the clerk's file mark. See Pruitt v. State, 92 Tex. 434, 49 S. W. 366. It has frequently been held that it is absolutely essential that the citation should state, not only the true date of the filing of plaintiff's petition, but also the number of the suit, without either of which it would be improper to render judgment by default, and that these requirements of the above article are mandatory, and must be observed. See Durham v. Betterton, 79 Tex. 223, 14 S. W. 1060; Dunn v. Hughes, supra; Leavitt v. Brazelton, 28 Tex. Civ. App. 4, 66 S. W. 466; Duke v. Spiller, 51 Tex. Civ. App. 237, 111 S. W. 787; Crenshaw v. Hempel, 60 Tex. Civ. App. 385, 130 S. W. 731. We recently had occasion to review these authorities and pass upon a similar question in Simms v. Miears, 190 S. W. 544, holding in accordance with the views above expressed. Courts have no right to dispense with these mandatory requirements of the statute. In Durham v. Betterton, supra, Mr. Justice Hobby says that the article cited does not more imperatively require that "the names of all the parties to the suit" shall be contained in the citation than that it "shall state the file number of the suit." The citation must contain the true date of the filing of plaintiff's petition, without which it is insufficient, and it is immaterial that the indorsement on the certified copy served on defendants may have stated when it was filed, because, as ruled by Mr. Chief Justice Gaines in the Pruitt Case, supra, such indorsement by the clerk is no part of the petition, and therefore cannot be looked to in passing upon this question. While it has frequently been urged that these are technical objections, still the courts have, in each instance, replied that the mandate of the statute is plain and must be obeyed, and that they had no authority to dispense therewith; their duty being to follow the law as written.

The citation being insufficient in the respects indicated, the court erred in rendering judgment by default thereon, for which reason its judgment must be reversed, and the cause remanded.

Reversed and remanded.