## HILL v. LIBERTY STATE BANK.
### (No. 551.)

(Court of Civil Appeals of Texas. Beaumont. April 19, 1920. Rehearing Denied May 5, 1920.)

1. **Judgment** ⟺17(9)—**Inaccuracies in citation as to judicial district court in which suit filed held not to invalidate judgment.**

In action against joint makers of note, statement in citation served by publication on one of the makers, as to whom default judgment was rendered, that suit was filed in the Seventy-Fifth judicial district court, though in fact it had been originally filed in the Ninth judicial district court and had been transferred to the Seventy-Fifth, did not affect validity of either the default judgment or the judgment against other maker, where citation stated the true date of filing of petition, docket number of case, names of all parties to the suit, date that court was to convene and on which he was to appear and answer, and fully and sufficiently stated the cause of action, since maker served thereby could not have possibly been misled by anything contained or not contained in such citation.

2. **Bills and notes** ⟺517—**Evidence held to prove signature to note genuine.**

In action against joint makers of note, in which one of the makers disclaimed having signed note, evidence *held* to warrant finding that such maker's signature to note was genuine.

Appeal from District Court, Liberty County; D. F. Singleton, Judge.

Suit by the Liberty State Bank against M. W. Hill and another. Judgment for plaintiff, and the named defendant appeals. Affirmed.

Stevens & Stevens, of Houston, and J. F. Dabney, of Liberty, for appellant.

H. E. Marshall, of Houston, and D. J. Harrison, of Liberty, for appellee.

HIGHTOWER, C. J. On the 16th day of January, 1919, appellee, a banking institution, as plaintiff, filed this suit in the district court (Ninth judicial district) of Liberty county against F. W. Hill and M. W. Hill, as defendants. It was alleged, substantially, by the plaintiff, that defendants had jointly made and executed and delivered to plaintiff their promissory note in the sum of $3,000, dated January 16, 1918, and made

payable five months after date, and providing for 10 per cent. interest and the usual attorney's fees. It was further alleged that in order to secure the payment of the note F. W. Hill executed a chattel mortgage covering a number of cattle. It was also alleged that the defendant M. W. Hill was a nonresident of this state and that the residence of F. W. Hill was unknown. In order to acquire jurisdiction over M. W. Hill, certain property owned by him in Liberty county was attached.

On February 11, 1919, which was appearance day of the court, M. W. Hill filed his answer, which consisted of a plea of non est factum, and on the same day the court entered an order transferring the case to the docket of the Seventy-Fifth judicial district court, in Liberty county. Up to the date of this transfer, F. W. Hill had not been cited, nor did he appear in any manner or file any answer. On March 26, 1919, a citation for publication was duly issued out of the Seventy-Fifth judicial district court by the clerk thereof, under the seal of said court, to the defendant F. W. Hill. This citation was regular in every respect, and complied with the statute in all essentials, but stated that the suit was filed in the Seventy-Fifth judicial district court, when as a matter of fact the suit was originally filed in the Ninth judicial district court, as above stated. On May 28, 1919, the cause came on to be heard, and thereupon Hon. C. F. Stevens, an attorney at law of that bar, as amicus curiæ, moved the court to quash the citation, which was served by publication upon the defendant F. W. Hill, upon the ground that the citation contained the statement that the suit was filed in the Seventy-Fifth judicial district court, whereas, in fact, the suit was filed originally in the Ninth judicial district court, and was by that court transferred, as hereinabove stated. This motion was by the court overruled, and M. W. Hill excepted. Thereupon the court appointed Hon. J. F. Dabney, an attorney of the bar, to represent defendant F. W. Hill, cited by publication. The case proceeded to trial before the court without a jury, and resulted in a judgment in favor of the plaintiff bank against the defendant M. W. Hill for the amount of the note sued on, and also foreclosing the attachment lien against his property, and further in favor of the plaintiff against the defendant F. W. Hill, foreclosing the chattel mortgage lien against the cattle, but no personal judgment was recovered against the latter defendant. To this judgment M. W. Hill duly excepted, and prosecutes this appeal.

[1] The first assignment of error complains of the action of the court in refusing to sustain the motion to quash the citation served by publication upon the defendant F. W. Hill, for the reason that said citation contained the erroneous statement that the suit was filed in the Seventy-Fifth judicial district court, whereas, in truth, it was filed in the Ninth judicial district court. Under the assignment, we find this proposition:

"A citation in a suit by publication, which fails to give the true date of the filing of plaintiff's petition in the court from whence the citation issued, is fatally defective, and the court under such process acquires no jurisdiction over the defendant so cited by publication by reason thereof."

The true date of the filing of plaintiff's petition in this case was stated in the citation, and, as said before, all other essential elements of citation were contained in the citation served by publication upon F. W. Hill. Under this assignment, appellant has cited a number of authorities, such as Simms v. Miears, 190 S. W. 544, Smith v. Bank, 193 S. W. 730, and Kimmell v. Edwards, 193 S. W. 363. In all of the cited cases it was held, substantially, that a judgment by default, based upon a citation which did not contain the true date of the filing of plaintiff's petition, was void. We have no fault to find with the holding in such cases, but are of the opinion that this case should not be ruled by them. It occurs to us that, even if F. W. Hill himself were raising the question in this case, there could be no plausible contention on his part that he could have been possibly misled by anything contained or not contained in the citation in this case. The date of the filing of the petition was correctly stated. The number of the case on the docket was correctly stated. The names of all parties to the suit were correctly stated. The cause of action was sufficiently and fully stated. The date that the court was to convene, and on which he was cited to appear and answer, was correctly stated. Such being true, we are of the opinion that even F. W. Hill himself, against whom the judgment by default was rendered, could not successfully resist the judgment, and for a better reason M. W. Hill cannot do so. The act reorganizing the Ninth and Seventy-Fifth judicial district courts provided that the judge of either court may, in his discretion, in term time or vacation, transfer any cause from his court into that of the other, which was done in this case by the judge of the Ninth. The assignment is overruled.

[2] The only material issue of fact under the pleadings in the case was whether M. W. Hill signed the note sued on by the plaintiff, or authorized his name to be signed thereto, and the trial court, upon sufficient evidence to warrant his doing so, found as a fact that the defendant M. W. Hill did in fact sign and execute the note in question.

It is true that the defendant M. W. Hill testified that he did not execute the note, and was not in the town of Liberty or the state of Texas on the date that the note bears; but there was testimony of an expert character which warranted the court in concluding, as he did, that M. W. Hill in fact signed the note sued on, notwithstanding the proof that he was not present on the date that the note bore and was delivered to the bank. It was sufficiently explained by the cashier of plaintiff's bank that it frequently happened, or rather sometimes happened, that notes were executed to the bank bearing a certain date on the face thereof, when in fact they were not actually delivered to the bank or signed on that date. We shall not go into details of the testimony, but hold that the trial court, in determining the issue of fact as to the execution of this note by M. W. Hill, was authorized and warranted to find as he did.

Appellant procured an order bringing up to this court a number of admittedly genuine signatures of appellant, which were used as comparisons by the trial judge in determining the genuineness of appellant's signature to the note in question, and we have inspected these genuine signatures and compared them with that of the note, and while the members of this court do not claim to be experts in handwriting, they are each of the opinion that these admitted genuine signatures are very similar to that of appellant to the note in question. Therefore the assignment challenging the judgment of the court on the ground that the evidence was insufficient to warrant the finding that the signature of appellant to the note in question was genuine is overruled.

This, in substance, disposes of all contentions made by appellant, and, believing that the judgment should be affirmed, it will be so ordered.