## KAUFMAN OIL MILL et al. v. REPUBLIC NAT. BANK & TRUST CO.

### No. 1145.

Court of Civil Appeals of Texas. Waco.

Oct. 15, 1931.

Rehearing Denied Nov. 19, 1931.

Bailey, Nickels & Bailey, of Dallas, for appellants.

R. G. Storey, of Dallas, for appellee.

GALLAGHER, C. J.

This suit was instituted by North Texas National Bank against Kaufman Oil Mill, a corporation, on three promissory notes executed by said Mill, payable to itself and indorsed by it in blank. Said notes were dated May 1, 1926, and due September 1, 1926, and were for the aggregate sum of $25,000. They bore interest at the rate of 7 per cent. per annum from maturity, and provided for the payment of 10 per cent. attorney's fees in the usual contingencies. Said bank also sued the several signers of a written guaranty given to secure the payment of said notes. Said Mill and said guarantors alleged that the notes sued on were delivered to one Sibley as its agent, and that he agreed to hold them until instructed to discount them and deposit the proceeds thereof to the credit of said Mill, that no such instructions were ever given, and that Sibley delivered said notes to said bank as collateral for a pre-existing individual debt. They also alleged that said bank held said notes and guaranty as collateral security for one note for the principal sum of $70,000 executed by said Sibley and Collin County Realty Company; that said note was dated April 19, 1927, and due July 18th thereafter; that the principal of said note represented the combined indebtedness of said Sibley and said realty company in the proportion of $60,000 indebtedness of Sibley and $10,000 of said realty company; that $48,000 had been realized from the sale of certain other collateral held by the bank to secure said note and applied as a credit thereon; that said other collateral was the personal property of Sibley, and that the proceeds thereof should be credited on his part of said indebtedness; that only $12,000 of his individual indebtedness remained; and that the bank could in no event hold the notes sued on as security for any other or further sum. They further alleged that said bank had not exhausted other collateral held by it to secure the payment of said $70,000 note, and that, in event they were held liable for any sum on the notes sued on, the court should by its decree vest them with title to such remaining collateral as security for any sums paid out by them in discharge of such liability. The bank, by supplemental petition, alleged the true facts to be that said Sibley and said realty company were joint makers of said $70,000 note, that $48,000 had been realized from collateral and applied as a credit thereon, and that both the makers were jointly liable for the remainder thereof in the sum of $22,000, with interest and attorney's fees as therein stipulated. The bank also alleged that, in accordance with the terms of the instrument of writing pledging the notes sued on and other collateral as security for the payment of said $70,000 note, it had, on the 29th day of February, 1928, sold to itself all the remaining collateral for $24,180.44, and thereby become the legal holder and owner of the notes sued on herein, but that, notwithstanding such fact, it desired only to collect the amount paid therefor at such sale, with interest and attorney's fees as provided in the notes sued upon.

The case was submitted to a jury on special issues, in response to which they found, in substance, that said bank did not have notice that Sibley did not have authority to negotiate, for his individual use and benefit, the notes sued on, and that in taking the same it did not act in bad faith. The testimony showed that certain collateral given to secure the $70,000 note was sold before the maturity of such note for the sum of $48,000 and the proceeds applied as a credit thereon, leaving a balance of $22,000 due on the principal thereof, together with interest and attorney's fees thereon. The testimony also showed that Sibley was indebted to said bank in the further sum of $1,882.50, due November 1, 1928. The testimony further showed that the bank had, prior to the time of trial, collected out of

other collateral held by it to secure said note the sum of $12,665. The court made an equitable adjustment of interest charges on both said items of indebtedness, and found that the total amount owed thereon by Sibley to the bank at the time of trial was $15,-935.88, together with the further sum of $1,593.58 as attorney's fees thereon. The judgment rendered and entered by the court recites that it was shown on hearing of a motion to substitute the Republic National Bank & Trust Company as plaintiff in lieu of North Texas National Bank, the original plaintiff herein, that the former bank had acquired all the assets of the latter, including the claims sued on herein, and orders such substitution, and awards such substituted plaintiff a judgment against said Mill and the signers of said guaranty contract, jointly and severally, for the amount so found due, together with attorney's fees thereon as above recited. The Mill and said guarantors, hereinafter called appellants present said judgment and the proceedings on which it is based to this court for review.

## Opinion.

█ Appellants present a proposition in which they contend that the court erred in including in the judgment rendered the $10,-000, with interest and attorney's fees thereon, which, prior to April 19, 1927, was owed by the Collin County Realty Company to said bank, and which was on said date consolidated with the indebtedness of Sibley and included in the $70,000 note, for the remainder of which, after deducting the sums realized from other collateral, appellee recovered judgment in this case. The specific basis for this contention is that, notwithstanding the jury found that the bank did not have notice that Sibley did not have authority to negotiate said notes for his individual use and benefit, and did not act in bad faith on May 28, 1926, when it received the same as collateral for his indebtedness, when said notes were dishonored by nonpayment on September 1, 1926, the maturity date thereof, the bank was thereby charged with notice of the defect in Sibley's title thereto, and could not claim to be a holder in due course as to additional advancements afterwards made by it to Sibley on the faith of said notes. The testimony showed that Sibley, at the time he delivered said notes to the bank as collateral for his indebtedness, owed it a balance of $50,000. The fluctuations of his account from that time until April 19, 1927, were not shown. The testimony, however, did show affirmatively that Sibley's individual indebtedness to the bank on said last-named date was $60,000, and that a further indebtedness of $10,000 owed to the bank by the Collin County Realty Company was consolidated therewith, and a joint note executed on that date by Sibley and the realty

company to the bank for $70,000, and that the notes sued on and various other items of collateral were deposited as security for said note. All said collateral was held by the bank prior thereto to secure the $60,000 individual indebtedness of said Sibley, except 100 shares of stock of the Guaranty State Bank of Woodville of the par value of $10,-000, 100 additional shares of stock of the Guaranty State Bank of Wiley of the par value of $10,000, one deed of trust note described as the Palmer note for $2,500, and four deed of trust notes designated as the Thigpen & Hogge notes for the aggregate sum of $19,250. The undisputed testimony further showed that all this additional collateral proved to be wholly without value, and that nothing was realized therefrom. The effect of the transaction was therefore to increase the bank's claim against the collateral already held by it from $60,000 to $70,000. This was, of course, long after maturity of the notes sued on. The testimony does not disclose with satisfactory clearness whether the notes sued on were originally pledged to the bank solely to secure the $50,000 then owed by Sibley to it, or to secure the same and such future advances as the bank might be willing to make to him. Appellants do not question, by the proposition presented, appellee's right to recover the increase of $10,000 in Sibley's indebtedness between the acceptance as collateral of the notes sued on by the bank and the repledge of the same to secure the $70,000 note. They attack only the right of the bank to recover on the notes sued on for any part of the $10,000 and interest and attorney's fees thereon owed prior or to that time by the realty company alone. The rule laid down in 8 C. J. p. 477, part § 693, is: "Where a note is taken as collateral security for future advances, the holder can assume a bona fide character only as to advances made previously to the maturity of the instrument." The case of Texas Banking & Insurance Co. v. Turnley, 61 Tex. 365, is cited as authority for the text quoted. The opinion in that case was written by Mr. Justice Stayton, then an associate but afterwards Chief Justice of our Supreme Court, and fully sustains such text. See, also, Wright v. Hardie & Co., 88 Tex. 653, 657, et seq., 32 S. W. 885. See, also, as analogous, 11 C. J. p. 649, part § 389; Smith v. Buckholts State Bank (Tex. Civ. App.) 193 S. W. 730, 733, pars. 1 to 5, inclusive; Bank of Omaha v. Pope (Tex. Civ. App.) 103 S. W. 692, 693 et seq. Appellee failed to show a right to recover on the collateral notes sued on for any part of such indebtedness of the realty company, since such notes, when pledged to secure the same, were long past due and unpaid.

Appellants present a similar proposition in which they contend that the court erred in including in the judgment rendered the

sum of $1,882.50, with interest and attorney's fees thereon. The testimony showed that Sibley was indebted to the bank in said sum; that the same bore interest at the rate of 8 per cent. per annum from maturity, and was due November 1, 1928. No instrument evidencing said indebtedness was introduced, and the origin thereof was not shown. Apparently it was not in existence when the $70,000 note was executed, because the bank's witness testified that Sibley at that time owed the bank $60,000, and that the same was included in said note. If the bank advanced said sum thereafter, it was with full knowledge that the notes sued on had been dishonored by nonpayment. For the reasons above stated and upon the authorities cited, said proposition is sustained.

Appellants further present as fundamental error the action of the court in including said sum of $1,882.50, with interest and attorney's fees thereon, in the judgment rendered, on the ground that no allegation of the existence of said indebtedness was included in the pleadings of the bank. We have searched such pleadings, and fail to find any such allegation. Said proposition is therefore sustained.

The other propositions presented by appellants as ground for reversal will not necessarily arise in the same way, if at all, upon another trial. Discussion of the same is therefore unnecessary.

The judgment of the trial court is reversed, and the cause is remanded.