### OLSEN v. KING. (No. 7431.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 18, 1925.)

**1. Process ⟋2—Statutes prescribing requisites of process are mandatory, and must be substantially complied with.**

Statutes prescribing requisites of citation and other process are mandatory, and must be substantially complied with.

**2. Process ⟋38—Citation held substantially to comply with statute as to showing date of issuance.**

Though date of issuance of citation should be shown directly under clerk's signature, citation showing date when it was executed by clerk, opposite which was printed "(Issued same day)," substantially complied with Rev. St. 1911, art. 2180, requiring date of issuance to be shown.

Error from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Action by W. W. King, trustee, against W. W. Olsen. Judgment for plaintiff and defendant brings error. Affirmed.

Hicks, Hicks, Dickson & Bobbitt, of San Antonio, for plaintiff in error.

SMITH, J. This writ of error is prosecuted from a judgment by default. The only question presented is that of the sufficiency of the citation, issued and served upon defendant below, to support a judgment by default.

The citation was regular and sufficient in every respect, unless it was defective because it did not meet the requirement in article 2180, R. S. 1911, that "the date of its issuance shall be noted on the" citation. The process here shows upon its face to have been executed by the clerk, and was dated on August 26, 1924, and the officer's return, indorsed upon the outside of the paper, shows that it came to the hand of the sheriff on the next day, August 27, 1924, and it was returned and filed among the papers in the cause on September 5, 1924. There was no formal, explicit recitation in the body of the citation, or indorsement upon the outside of it, that the process was issued upon a particular date. But at the left of the date of the instrument, opposite the signature of the clerk, the printed words, "Issued same day," appeared within parentheses.

[1, 2] It is true, as plaintiff in error contends, that the provisions of the statutes, prescribing the requisites of citation and other process, are mandatory, and, we may add, they must be substantially complied with. Pruitt v. State, 92 Tex. 434, 49 S. W. 366. But we think the requirement that the date of its issuance shall be noted upon the citation was substantially complied with in this case. The process was itself dated to the extent of showing the day it was executed by the clerk. Opposite and adjoining this date was the printed notation, "(Issued same day)." The officer's return, indorsed upon the outside of the paper, showed it came to that officer's hands the day after its date, and was executed three days later, and the clerk's file mark thereon showed it was returned and filed with the clerk five days later. We think as a matter of strict regularity the date of issuance should be more specifically shown directly over the clerk's signature, thus giving it more complete verity. Yet under the facts presented we hold the statute was at least substantially complied with.

The judgment is affirmed.