**Cordia Gay HANNA, Appellant,**

v.

**Elmer Joe HANNA, Appellee.**

No. 01–90–00423–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 11, 1991.

James A. McGuire, Houston, for appellant.

Lloyd Stansberry, Alvin, for appellee.

Before COHEN and WILSON, JJ., and FRANK C. PRICE, J. (Retired, sitting by Assignment).

## OPINION

FRANK C. PRICE, Assigned Justice [1].

Cordia Gay Hanna appeals from a January 26, 1990, order on a motion to modify in a suit affecting the parent-child relationship. The order decreased from $800 to $600 per month the amount of child support Elmer Joe Hanna, appellee, was required to pay appellant.

Cordia Hanna and Elmer Hanna were divorced on August 5, 1986. At the time of the divorce, the Hannas had two minor children. Child support was set at $800 per month. In November 1989, after the older child reached the age of majority, Elmer, claiming substantially changed circumstances, filed a motion to reduce support payments. This motion was joined with a motion filed by Cordia asking for an increase in support payments.

[1]. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

[2]. Pursuant to Tex.Gov't Code Ann. § 54.010 (Vernon 1988), "the master's report *may* contain the

On January 22, 1990, a hearing on both motions was held before Ted Allmond, Master of the 306th District Court of Galveston County. Allmond recommended granting Elmer's motion to modify.[2] Findings and recommendations of the master become the decree of the referring court when the judge signs the order conforming to the master's report. Tex.Gov't Code Ann. § 54.013 (Vernon 1988). On January 26, 1990, the judge of the referring court, Andrew Z. Baker, signed the order reducing child support payments to $600 per month. However, the trial court did not include findings of fact and conclusions of law that supported the order.

In her fourth point of error, Cordia contends the court erred in failing to state its findings in the child support order as requested. Tex.Fam.Code Ann. § 14.057 (Vernon Supp.1991).

There is no record of the January 22, 1990, hearing held before Allmond. In her brief, Cordia claims that during the hearing, she orally requested the court to state its findings supporting the changed order. Appellee's reply brief makes no effort to rebut or contradict the fact that Cordia made such an oral request. We accept her assertion as true. Tex.R.App.P. 74(f).

The language of the Family Code is mandatory:

Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in all cases in which child support is contested and the amount of the order is set by the court, on written request made or filed with the court not later than 10 days after the date of the hearing or an *oral* request made in open court during the hearing, the court *shall* state the following *in the child support order:*

(1) the amount of net resources available to the obligor per month is $_;

(2) the amount of net resources available to the obligee per month is $_;

master's findings, conclusions, or recommendations. The master's report must be in writing in a form as the referring court may direct. The form may be [as in this case] a notation on the referring court's docket sheet."

(3) the amount of child support payments per month that is computed if Section 14.055, Family Code, is applied is $_;
(4) the percentage applied to the obligor's net resources for child support by the actual order rendered by the court is _%; and, if applicable,
(5) the specific reasons that the amount of support per month ordered by the court varied from the amount computed by applying the percentage guidelines pursuant to Section 14.055, Family Code, are: _.

TEX.FAM.CODE ANN. § 14.057 (emphasis added).

The court's failure to make these findings upon proper request constitutes reversible error. *Morris v. Morris,* 757 S.W.2d 466, 467 (Tex.App.—Houston [14th Dist.] 1988, writ denied). Therefore, Cordia's fourth point of error is sustained. Because this finding is dispositive of the case, appellant's other points of error do not have to be addressed.

The judgment of the trial court is reversed, and the case is remanded for a new trial.