NO. 07-04-0543-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 17, 2006

_____

IN THE INTEREST OF C.W., A CHILD
_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 31,784; HONORABLE JOHN FORBIS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Wendel Lee Winkleblack (Wendel), appeals that portion of a judgment setting his child support obligation. We reverse and remand.

At a hearing on Wendel's motion to modify conservatorship, Wendel was appointed joint managing conservator with the right to determine the residence of one of two children of the marriage of Wendel and appellee, Donna Faye Winkleblack (Donna). Based on Wendel's appointment as joint managing conservator of one of the children, which constituted a substantial change of circumstance, the trial court modified Wendel's child support obligation. The trial court's judgment found that application of the guidelines would

be unjust or inappropriate, that Wendel's net monthly resources were $4,000, and that Donna's net monthly resources were $1,000. The judgment then set Wendel's monthly child support obligation at $850.[1] Wendel's appeal challenges that portion of the court's judgment that set his child support obligation at $850 per month.

By one issue, Wendel contends that the trial court abused its discretion by deviating from the child support guidelines in setting his child support obligation. See TEX. FAM. CODE ANN. §§ 154.121-.133 (Vernon 2002).[2] Specifically, Wendel contends that the evidence was legally and factually insufficient to support the court's deviation from the guidelines. See § 154.122.

The trial court's determination of child support is reviewed under an abuse of discretion standard. In re Striegler, 915 S.W.2d 629, 637 (Tex.App.–Amarillo 1996, writ denied). In determining whether the trial court abused its discretion, the appropriate inquiry is whether the court acted without reference to any guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that the trial court decides an issue differently than the appellate court would have does not demonstrate an abuse of discretion. Sw. Bell Tel. Co. v. Johnson, 389 S.W.2d 645, 648

---

[1] The reporter's record from the hearing indicates that Wendel's prior child support obligation under the divorce decree was $1,000 per month. The trial court indicated that it was reducing that amount by $150 per month because "it's going to take that much for life to be for her (Donna) and for the little girl (the daughter continuing to reside with Donna) anywhere close to the way it was at the time of the divorce." Wendel presumes that the $150 deduction was an off-set based upon the trial court's determination of Donna's child support obligation to Wendel, however, nothing in the record indicates the purpose of this $150 deduction.

[2] Further citation to the Texas Family Code will be by reference to "§ ____."

(Tex. 1965). Under the abuse of discretion standard, legal and factual sufficiency, although not independent grounds for review, are relevant factors in assessing whether the lower court abused its discretion. See In re A.D.H., 979 S.W.2d 445, 446 (Tex.App.–Beaumont 1998, no pet.). An abuse of discretion does not occur so long as there is some evidence of a substantive and probative character to support the trial court's decision. Holley v. Holley, 864 S.W.2d 703, 706 (Tex.App.–Houston [1st Dist.] 1993, writ denied).

Determining the appropriate amount of child support by applying the Texas Family Code guidelines is presumed to be reasonable and in the best interest of the child, however, a court may determine that application of the guidelines would be unjust or inappropriate. § 154.122. If evidence is admitted that rebuts the presumption, the trial court may deviate from the guidelines. See § 154.123. In the present case, it is clear that the trial court deviated from the amount of child support that would result from application of the guidelines.[3] Consequently, we must initially determine whether the trial court abused its discretion in not applying the guidelines to determine Wendel's child support.

Review of the record indicates that the only evidence admitted was a copy of Wendel's 2003 tax return, a copy of Wendel's paycheck stub, a letter from Wendel's employer indicating that overtime may occasionally be available to Wendel but is not

---

[3] The trial court recognized that it was setting child support "outside the guidelines of the Attorney General. . . ." Further, the judgment includes a finding that application of the guidelines would be unjust or inappropriate. Finally, Wendel presented, both at the hearing and in his appellate brief, calculations of the child support obligations that would apply to both himself and Donna under the guidelines. While we do not necessarily agree with his calculation of the respective child support obligations under the guidelines, we agree with Wendel's conclusion that the trial court deviated from application of the guidelines.

3

guaranteed, and a copy of Donna's 2003 Schedule C (Profit or Loss from Business) from her tax return. After receiving this evidence, the trial court also heard Donna's non-evidentiary argument indicating that the child that remained in her home had some extraordinary educational expenses.

Wendel contends that there was no evidence justifying the trial court's finding that application of the guidelines would be unjust or inappropriate. We disagree. The trial court had before it evidence that allowed the court to determine both Wendel's and Donna's net monthly resources. The court indicated, on the record, that it was concerned about the "great disparity in wage earning capacity" between the parties. Discretion is vested in the court to determine that application of the guidelines would be unjust or inappropriate. § 154.122(b). Further, the court, in determining if the guidelines would be unjust or inappropriate, must consider the ability of the parents to contribute to the support of the children and the amount of the obligee's net resources. See § 154.123(b)(2),(5); Smith v. Smith, 143 S.W.3d 206, 217 (Tex.App.–Waco 2004, no pet. h.). Thus, we conclude that there was substantive and probative evidence upon which the trial court could conclude that application of the guidelines would be unjust or inappropriate. See Holley, 864 S.W.2d at 706.

While we conclude that the trial court did not abuse its discretion in finding application of the guidelines unjust or inappropriate, we conclude that the trial court abused its discretion in setting Wendel's child support obligation. When an appellant contends that the trial court abused its discretion because the evidence was insufficient, we must first determine whether the trial court had sufficient information upon which to exercise its

4

discretion and, if so, must also determine if the court's child support order was manifestly unjust or unfair. See Newberry v. Bohn-Newberry, 146 S.W.3d 233, 235 (Tex.App.–Houston [14th Dist.] 2004, no pet. h.). Even though a trial court has wide discretion in setting child support obligations, the amount ordered must be supported by evidence that the amount is commensurate with the child's needs. Holmes v. Tibbs, 542 S.W.2d 487, 488 (Tex.App.–Corpus Christi 1976, no writ). In the present case, no evidence was admitted to show that the needs of the child remaining with Donna required support above what would result from application of the guidelines. Therefore, we conclude that the trial court abused its discretion by setting Wendel's child support obligation at $850 per month.

Further, section 154.130 requires a trial court that orders child support at variance with the amount that would result if the guidelines were applied to make certain findings. In the present case, the trial court failed to state in the child support order (1) the percentage applied to the obligor's net resources to obtain the child support ordered by the court; (2) the amount child support would be if the percentage guidelines were applied to the obligor's net resources; and (3) the specific reasons that the amount of child support ordered by the court varies from the amount that would result from application of the guidelines. § 154.130(b)(3),(4),(5). Section 154.130 makes these findings mandatory and failure to make these findings when required constitutes reversible error. See Hanna v. Hanna, 813 S.W.2d 626, 628 (Tex.App.–Houston [1st Dist.] 1991, no writ).

Having determined that the trial court abused its discretion, we reverse and remand for further proceedings consistent with this opinion.

Mackey K. Hancock
Justice