NO. 07-05-0298-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MAY 9, 2006



______________________________



 JERMAINE E. GARMON, 


 Appellant


v.



THE STATE OF TEXAS, 



 Appellee



_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-406,266; HON. JIM BOB DARNELL, PRESIDING



_______________________________



ON ABATEMENT AND REMAND



_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant Jermaine E. Garmon appeals from his conviction of possession with intent
to deliver a controlled substance (cocaine) in an amount less than 200 grams but at least
four grams. He was convicted upon an open plea of guilty after denial of his motion to
suppress and sentenced to 45 years confinement.

 Appellant's counsel has filed a motion to withdraw together with an Anders (1) brief
wherein he certified that, after diligently searching the record, the appeal was without merit. 
After review of appellant's pro se brief and our own independent review of the record, we
abate the cause and remand the proceeding for the appointment of new counsel. 

 The facts show that appellant was under arrest for an unrelated offense when he
requested to return to his residence to use the bathroom. The officer accompanied
appellant and, without offering any Miranda warnings, asked appellant if "there was
anything illegal, anything [the officer] should know about inside the residence . . . ." 
Appellant allegedly directed the officer to a laundry hamper where marijuana was
discovered. The officer then purportedly asked for consent to search the house which was
allegedly given. During that search, the cocaine which is the subject of this proceeding
was found in the laundry hamper in which the marijuana was also discovered in response
to the officer's question. While appellate counsel discussed whether the consent (2) was
voluntary, appellant contends that he was initially interrogated while in custody without
having received the proper warnings. Out of an abundance of caution, we conclude that
evaluation of this contention is necessary before we determine if the appeal is frivolous.

 Having found an arguable ground for appeal, we abate the appeal and remand the
cause to the 140th District Court of Lubbock County. See Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991). Upon remand, the trial court shall appoint an attorney
to represent appellant in this appeal. The trial court shall further order the newly appointed
counsel to file an appellant's brief, as per the Texas Rules of Appellate Procedure,
developing the aforementioned arguable ground and any other grounds that might support
reversal or modification of the judgment. The deadline for filing appellant's brief with the
clerk of this court is June 10, 2006. Thereafter, any responding brief which the State may
care to submit shall be filed within 30 days after the filing of appellant's brief. Finally, the
trial court shall cause the name, address, and state bar number of the newly appointed
counsel to be included in a supplemental transcript which transcript shall be filed with the
clerk of this court by June 10, 2006. 

 Accordingly, counsel's motion to withdraw is granted, and the appeal is remanded
to the trial court for further proceedings. 


 Per Curiam

Do not publish.
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d (1967). 
2. It is not clear whether the consent being discussed is the remark to look in the laundry hamper or
the consent to search the house. 



font-size: 12pt">OPINION
          Appellant, C.H.,


 appeals an order entered by default that establishes that he is the
father of S.B.S., a minor child, and sets his child support obligations. C.H. contends, inter
alia, that default could not be entered against him because the citation issued by the
district clerk and served upon him was defective and that the order setting his child support
obligation did not comply with the statutory requisites. We reverse in part and affirm in
part.
Background
          On December 12, 2006, the Attorney General of the State of Texas filed a Petition
for Confirmation of Non-Agreed Child Support Review Order alleging that C.H. was the
father of S.B.S. The Attorney General requested the district clerk to affect service on C.H. 
The district clerk issued a citation, but the citation did not include the file number of the
case. The defective citation, petition, and proposed order were then personally served on
C.H. C.H. did not file an answer to the suit.
          On March 21, 2007, the Associate Judge held a hearing on the Attorney General’s
petition. C.H. did not appear at this hearing. However, the Associate Judge heard the
testimony of S.B.S.’s mother, L.S. In July of 2007, the Associate Judge signed an Order
in Suit Affecting the Parent-Child Relationship that found C.H. to be the biological father
of S.B.S., set C.H.’s child support obligations, and addressed C.H.’s rights of access to the
child. C.H. did not request a de novo appeal of the order to the district court.
          C.H. filed notice of this restricted appeal on December 17, 2007. C.H. contends
that: (1) default judgment was improper because C.H. was not served with proper citation
and had not waived service, (2) the order failed to comply with requisites of the Texas
Family Code, and (3) the order’s award of child support was not supported by any
evidence. 
 
Restricted Appeal
          C.H. challenges the default judgment by way of a restricted appeal. A restricted
appeal must: (1) be filed within six months after the final judgment is signed, (2) be filed
by a party to the lawsuit, (3) be filed by a party that did not participate at trial, and (4)
demonstrate error apparent from the face of the record. See Tex. R. App. P. 26.1(c), 30;
Quaestor Invs., Inc. v. State of Chiapas, 997 S.W.2d 226, 227 (Tex. 1999). In the present
case, C.H. filed his notice of restricted appeal within six months of the signing of the order,
was named a party to the lawsuit, and did not participate at the trial. Thus, the issue in this
restricted appeal is whether error is apparent from the face of the record.
Citation and the Child Support Review Process
          C.H. contends that the omission of the file number from the citation that was served
on him deprived the Associate Judge of jurisdiction over him and, therefore, the Associate
Judge lacked authority to enter judgment against him by default. L.S. also contends that
the service was defective. The Attorney General, however, responds that different
procedures apply to proceedings under the child support review process of Texas Family
Code chapter 233 and that, under those provisions, service of citation is not necessary to
support a default judgment. 
          Chapter 160 of the Texas Family Code “governs every determination of parentage
in this state.” Tex. Fam. Code Ann. § 160.103(a) (Vernon 2008).


 Suits to adjudicate the
parentage of a child are governed by the Texas Rules of Civil Procedure. See § 160.601. 
Rule 99(b) of the Texas Rules of Civil Procedure requires that a citation show the file
number of the suit in which the defendant is summoned to answer. See Tex. R. Civ. P.
99(b). “There are no presumptions in favor of valid issuance, service, and return of citation
in the face of a [direct] attack on a default judgment . . . . Moreover, failure to affirmatively
show strict compliance with the Rules of Civil Procedure renders the attempted service of
process invalid and of no effect.” Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990)
(quoting Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex.
1985)). The failure to include the proper cause number in the citation is a fatal defect,
which will require reversal of a default judgment resulting therefrom. See Durham v.
Betterton, 79 Tex. 223, 14 S.W. 1060, 1060-61 (1891); Martinez v. Wilber, 810 S.W.2d
461, 463 (Tex.App.–San Antonio 1991, writ denied).
          In the present case, there is no dispute that the citation omitted the cause number. 
Thus, it would seem from the law cited above, that the issue is resolved. However, the
Attorney General contends that chapter 233 of the Texas Family Code provides different
procedures that allow a default to be taken even in the complete absence of a citation. 
The Attorney General cites section 233.021, which, in pertinent part, provides:
(c) The clerk shall deliver by personal service a copy of the petition for
confirmation of a nonagreed review order and a copy of the order, to each
party entitled to service who has not waived service.
 
§ 233.021(c).


 Because this provision expressly calls only for service of a copy of the
petition and order, the Attorney General contends that there is no requirement that citation
issue in a child support review process proceeding. In addition, the Attorney General
points out that the legislature amended section 233.021 in 1995 to remove an explicit
requirement that the clerk issue and serve a citation when a child support review process
proceeding did not result in an agreed order. See Act of June 16, 1993, 73rd Leg., R.S.,
ch. 730, § 14, 1993 Tex. Gen. Laws 2866, 2869, amended by Act of May 21, 1997, 75th
Leg., R.S., ch. 911, § 80, 1997 Tex. Gen. Laws 2864, 2887 (current version at § 233.021). 
The Attorney General contends that the amendment removing the requirement that citation
be issued in a child support review process case is consistent with the legislature’s stated
purpose for authorizing such actions, which was to enable Title IV-D agencies the means
to “take expedited administrative actions to establish, modify, and enforce child support
and medical support obligations [and] to determine parentage . . . .” § 233.001(a). 
According to the Attorney General, if no citation was required in the present case, then a
defective citation would not be proper grounds for reversal.
          In construing a statutory provision, our primary objective is to give effect to the
legislature’s intent. See Mitchell Energy Corp. v. Ashworth, 943 S.W.2d 436, 438 (Tex.
1997). We must construe statutes as written, and, if possible, ascertain legislative intent
from the statute’s language. Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex.
2001). In addition, we are to presume that the legislature intended every section of a
statute to be effective. Meritor Auto., Inc. v. Ruan Leasing Co., 44 S.W.3d 86, 90 (Tex.
2001). We must read the statute as a whole and interpret it to give effect to every part. 
20801, Inc. v. Parker, 249 S.W.3d 392, 396 (Tex. 2008).
          Clearly, the plain language of section 233.021 indicates that, in a non-agreed child
support review process, the clerk is obligated to deliver by personal service only a copy of
the petition and order to each party entitled to service and who has not waived service. §
233.021(c). Section 233.022 identifies what will constitute a request for a hearing on a
non-agreed order. See § 233.022. Section 233.023 provides that a party may request a
hearing within 20 days of the party’s receipt of the petition. § 233.023. Section 233.0271
provides that, if a request for a hearing is not timely received, “the court shall confirm and
sign a nonagreed child support review order not later than the 30th day after the date the
petition for confirmation was delivered to the last party entitled to service.” § 233.0271(a)
(emphasis added). 
          We construe the plain language of these sections to provide a specific means of
establishing parentage and child support obligations that deviates from the general rules
of the Texas Rules of Civil Procedure. While proper citation is necessary to support a
default judgment in a civil case generally, see Wilson, 800 S.W.2d at 836, we believe that
the interplay of the sections cited above establishes a process by which a default judgment
may be taken in a child support review process proceeding without the issuance of a
citation. The plain language of section 233.0271 places a duty upon the trial court to
confirm and sign a non-agreed order within 30 days after the petition was delivered to the
last party entitled to service. By use of these words, we believe that the legislature
intended that service of the petition and proposed order, as directed under section
233.021, would be sufficient service to support a default judgment against a party that
failed to timely request a hearing.
          C.H. contends that section 160.634 expressly requires that a man must be served
with process before a default judgment adjudicating the paternity of the man may be
entered against him. See § 160.634(1). The phrase “service of process” is not specifically
defined by the Family Code. However, in the context of a child support review process
proceeding, section 233.0271 indicates that delivery of the petition is sufficient to meet a
party’s entitlement to service. See § 233.0271(a). Therefore, we conclude that there is
no conflict between section 160.634's requirement of service of process and section
233.0271's identification of what constitutes sufficient service for a child support review
process proceeding.
          C.H. further contends that section 102.009 explicitly requires that he be served with
citation. As applicable to the present case, section 102.009 provides,
(a) . . . the following are entitled to service of citation on the filing of a petition
in an original suit:
(8) an alleged father . . . .
(c) Citation on the filing of an original petition in a suit shall be issued and
served as in other civil cases.
 
§ 102.009(a)(8), (c). Because, throughout this proceeding, C.H. was an alleged father, he
contends that he was entitled to service of citation under section 102.009 and that the
defect in the citation issued in this case precluded the trial court’s entry of a default
judgment against him.
          Section 311.025(a) of the Code Construction Act provides that, if statutes enacted
at the same or different sessions of the legislature are irreconcilable, the statute latest in
date of enactment prevails. Tex. Gov’t Code Ann. § 311.025(a) (Vernon 2005). Section
311.026(b) of the Code Construction Act provides that, when conflict between a general
provision and a special or local provision is irreconcilable, the special or local provision
prevails as an exception to the general provision, unless the general provision is the later
enactment and the manifest intent of the legislature is that the general provision prevail. 
Tex. Gov’t Code Ann. § 311.026(b). 
          Section 102.009 was enacted in 1995 and was included within Subtitle A, which is
designated “General Provisions.” See Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 1,
1995 Tex. Gen. Laws 113, 126-27. At the time that section 102.009 was enacted, sections
233.021 and 233.0271(a) both specifically required the issuance of citation. See Act of
June 16, 1993, 73rd Leg., R.S., ch. 730, § 14, 1993 Tex. Gen. Laws 2866, 2869. However,
in 1997, sections 233.021 and 233.0271 were amended and any reference to citation was
removed. See Act of June 16, 1993, 73rd Leg., R.S., ch. 730, § 14, 1993 Tex. Gen. Laws
2866, 2869, amended by Act of May 21, 1997, 75th Leg., R.S., ch. 911, § 80, 1997 Tex.
Gen. Laws 2864, 2887-88. Thus, because determination of parentage is one of the
specific purposes of the child support review process, we find section 102.009's citation
requirement to be in irreconcilable conflict with sections 233.021 and 233.0271. As
sections 233.021 and 233.0271 were both later enacted and are specific to the child
support review process, we will resolve this conflict in favor of these sections. 
          For the foregoing reasons, we conclude that, in a child support review process
proceeding, personal service of the petition for confirmation of non-agreed review order
and a copy of the order to each party entitled to service and that has not waived service
is sufficient service to support confirmation of a non-agreed order by default. Accordingly,
we overrule C.H.’s first issue.
Requisites of a Default Judgment
          Next, C.H. contends that the default order in the present case is defective because
the Associate Judge failed to provide notice to appellant of his right to de novo appeal and
because the order deviates from the child support guidelines without including statutorily
required findings of fact. The Attorney General responds that any error in failing to provide
notice of any right to de novo appeal is not apparent on the face of the record and, in fact,
no right to de novo appeal exists following a child support review process. However, the
Attorney General agrees with appellant regarding the necessity of findings of fact. L.S.
contends that C.H. was not entitled to notice of his right to de novo review and that the
Associate Judge made sufficient findings for the determination of child support in this case.
          Assuming that section 201.012's requirement of notice of right to de novo appeal
is applicable to the present child support review process proceeding, an issue which we
need not decide in the present appeal, we note that two of the three methods of providing
such notice may not appear on the face of the record. See § 201.012(b)(2), (3). In the
present case, there is nothing on the face of the record that either proves or disproves that
notice was given, as acknowledged by C.H. in his appellate brief. As such, in a restricted
appeal, we cannot say that the trial court erred in failing to give notice to C.H. of his right
to de novo appeal because we cannot determine from the face of the record whether such
notice was given. See Quaestor Invs., Inc., 997 S.W.2d at 227 (in restricted appeal, error
must be apparent on the face of the record); Gen. Elec. Co. v. Falcon Ridge Apartments,
Joint Venture, 811 S.W.2d 942, 944 (Tex. 1991) (“The absence from the record of
affirmative proof that notice . . . was provided does not establish error.”).
          Section 154.130 requires a trial court ordering child support that varies from the
amount that would result if the guidelines were applied to make certain findings. See §
154.130(a)(3). Among the findings that the trial court must make are the net monthly
resources of the obligor and obligee, the percentage applied by the court to the obligor’s
net monthly resources that yields the child support obligation set by the court, the amount
of support that would result if the guidelines were followed, and the specific reasons why
the amount ordered by the court varies from the amount called for by application of the
guidelines. See § 154.130(b). These findings are mandatory and the failure to make them
when required constitutes reversible error. See In re C.W., No. 07-04-0543-CV, 2006
Tex.App. LEXIS 363, at *7-*8 (Tex.App.–Amarillo January 17, 2006, no pet.) (citing Hanna
v. Hanna, 813 S.W.2d 626, 628 (Tex.App.–Houston [1st Dist.] 1991, no writ)).
          In the present case, the order expressly states that the amount of child support
varies from the guidelines for a 36 month period. However, the order does not include
findings of the net monthly resources of C.H. or L.S., the percentage applied to C.H.’s net
monthly resources by the order, the amount of support that would result from application
of the guidelines, or the specific reasons why the amount ordered varies from the amount
that would result from application of the guidelines. The failure to make these requisite
findings is reversible error. Id. 
          However, L.S. contends that a separate document contained in the record is
sufficient to satisfy the requirements of section 154.130. While a separate document can
satisfy the requirements of section 154.130, see Zajac v. Penkava, 924 S.W.2d 405, 410
(Tex.App.–San Antonio 1996, no writ), the separate document here, a notation in the
court’s “Civil Docket,” provides that C.H.’s child support is set at $960 per month with the
additional $400 per month being for day care expenses. Further, this notation provides
that this “departure upward [is] for demonstrated needs of child.” At best, this notation
provides a specific reason why the amount of child support ordered varies from the amount
that we presume would result from application of the guidelines. Nothing in the notation
or the order satisfies the requirement that the court make findings regarding the net
monthly resources of C.H. and L.S., the percentage applied to C.H.’s net monthly
resources by the order, or the amount of support that would result from application of the
guidelines. The trial court’s failure to comply with the mandatory requirements of section
154.130 is reversible error. See In re C.W., 2006 Tex.App. LEXIS 363, at *7-*8. As such,
we sustain this portion of C.H.’s second issue.
 
Evidentiary Sufficiency
          C.H.’s third issue contends that the evidence was insufficient to support the child
support obligation set in the order. Because we have already granted C.H. the relief that
he requests by his third issue in sustaining his second issue, we need not address this
issue. See Tex. R. App. P. 47.1.
Conclusion
          That portion of the trial court’s Order in Suit Affecting the Parent-Child Relationship
that sets C.H.’s child support obligation is reversed and remanded for further proceedings
consistent with this opinion. In all other respects, the trial court’s Order in Suit Affecting the
Parent-Child Relationship is hereby affirmed.
 
                                                                           Mackey K. Hancock

                                                                                     Justice