NO. 07-07-0494-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 18, 2009
_____

IN THE INTEREST OF S. B. S., A CHILD
_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 061206420; HONORABLE CARTER T. SCHILDKNECHT, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant, C.H.,[1] appeals an order entered by default that establishes that he is the father of S.B.S., a minor child, and sets his child support obligations. C.H. contends, *inter alia*, that default could not be entered against him because the citation issued by the district clerk and served upon him was defective and that the order setting his child support obligation did not comply with the statutory requisites. We reverse in part and affirm in part.

_____

[1] While this case is not a termination case, we will use aliases, in accordance with Texas Rule of Appellate Procedure 9.8, to protect the minor's identity. See TEX. R. APP. P. 9.8.

## Background

On December 12, 2006, the Attorney General of the State of Texas filed a Petition for Confirmation of Non-Agreed Child Support Review Order alleging that C.H. was the father of S.B.S. The Attorney General requested the district clerk to affect service on C.H. The district clerk issued a citation, but the citation did not include the file number of the case. The defective citation, petition, and proposed order were then personally served on C.H. C.H. did not file an answer to the suit.

On March 21, 2007, the Associate Judge held a hearing on the Attorney General's petition. C.H. did not appear at this hearing. However, the Associate Judge heard the testimony of S.B.S.'s mother, L.S. In July of 2007, the Associate Judge signed an Order in Suit Affecting the Parent-Child Relationship that found C.H. to be the biological father of S.B.S., set C.H.'s child support obligations, and addressed C.H.'s rights of access to the child. C.H. did not request a *de novo* appeal of the order to the district court.

C.H. filed notice of this restricted appeal on December 17, 2007. C.H. contends that: (1) default judgment was improper because C.H. was not served with proper citation and had not waived service, (2) the order failed to comply with requisites of the Texas Family Code, and (3) the order's award of child support was not supported by any evidence.

Restricted Appeal

C.H. challenges the default judgment by way of a restricted appeal. A restricted appeal must: (1) be filed within six months after the final judgment is signed, (2) be filed by a party to the lawsuit, (3) be filed by a party that did not participate at trial, and (4) demonstrate error apparent from the face of the record. See TEX. R. APP. P. 26.1(c), 30; Quaestor Invs., Inc. v. State of Chiapas, 997 S.W.2d 226, 227 (Tex. 1999). In the present case, C.H. filed his notice of restricted appeal within six months of the signing of the order, was named a party to the lawsuit, and did not participate at the trial. Thus, the issue in this restricted appeal is whether error is apparent from the face of the record.

Citation and the Child Support Review Process

C.H. contends that the omission of the file number from the citation that was served on him deprived the Associate Judge of jurisdiction over him and, therefore, the Associate Judge lacked authority to enter judgment against him by default. L.S. also contends that the service was defective. The Attorney General, however, responds that different procedures apply to proceedings under the child support review process of Texas Family Code chapter 233 and that, under those provisions, service of citation is not necessary to support a default judgment.

Chapter 160 of the Texas Family Code "governs every determination of parentage in this state." TEX. FAM. CODE ANN. § 160.103(a) (Vernon 2008).[2] Suits to adjudicate the

_____

[2] Further references to provisions of the Texas Family Code will be by reference to "section ___" or "§ ____."

3

parentage of a child are governed by the Texas Rules of Civil Procedure.  See § 160.601.

Rule 99(b) of the Texas Rules of Civil Procedure requires that a citation show the file

number of the suit in which the defendant is summoned to answer.  See TEX. R. CIV. P.

99(b).  "There are no presumptions in favor of valid issuance, service, and return of citation

in the face of a [direct] attack on a default judgment . . . .  Moreover, failure to affirmatively

show strict compliance with the Rules of Civil Procedure renders the attempted service of

process invalid and of no effect."  Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990)

(quoting Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex.

1985)).  The failure to include the proper cause number in the citation is a fatal defect,

which will require reversal of a default judgment resulting therefrom.  See Durham v.

Betterton, 79 Tex. 223, 14 S.W. 1060, 1060-61 (1891); Martinez v. Wilber, 810 S.W.2d

461, 463 (Tex.App.–San Antonio 1991, writ denied).

In the present case, there is no dispute that the citation omitted the cause number.

Thus, it would seem from the law cited above, that the issue is resolved.  However, the

Attorney General contends that chapter 233 of the Texas Family Code provides different

procedures that allow a default to be taken even in the complete absence of a citation.

The Attorney General cites section 233.021, which, in pertinent part, provides:

> (c) The clerk shall deliver by personal service a copy of the petition for confirmation of a nonagreed review order and a copy of the order, to each party entitled to service who has not waived service.

4

§ 233.021(c).[3]  Because this provision expressly calls only for service of a copy of the petition and order, the Attorney General contends that there is no requirement that citation issue in a child support review process proceeding.  In addition, the Attorney General points out that the legislature amended section 233.021 in 1995 to remove an explicit requirement that the clerk issue and serve a citation when a child support review process proceeding did not result in an agreed order.  See Act of June 16, 1993, 73rd Leg., R.S., ch. 730, § 14, 1993 Tex. Gen. Laws 2866, 2869, amended by Act of May 21, 1997, 75th Leg., R.S., ch. 911, § 80, 1997 Tex. Gen. Laws 2864, 2887 (current version at § 233.021). The Attorney General contends that the amendment removing the requirement that citation be issued in a child support review process case is consistent with the legislature's stated purpose for authorizing such actions, which was to enable Title IV-D agencies the means to "take expedited administrative actions to establish, modify, and enforce child support and medical support obligations [and] to determine parentage . . . ."  § 233.001(a). According to the Attorney General, if no citation was required in the present case, then a defective citation would not be proper grounds for reversal.

In construing a statutory provision, our primary objective is to give effect to the legislature's intent.  See Mitchell Energy Corp. v. Ashworth, 943 S.W.2d 436, 438 (Tex. 1997).  We must construe statutes as written, and, if possible, ascertain legislative intent from the statute's language.  Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex.

---

[3] Section 233.021(b) requires the clerk to endorse the petition for confirmation of non-agreed review order with the court and cause number of the suit.  There is no dispute in the present case that the proper court and cause number was identified on the petition that was served on C.H.

2001). In addition, we are to presume that the legislature intended every section of a statute to be effective. Meritor Auto., Inc. v. Ruan Leasing Co., 44 S.W.3d 86, 90 (Tex. 2001). We must read the statute as a whole and interpret it to give effect to every part. 20801, Inc. v. Parker, 249 S.W.3d 392, 396 (Tex. 2008).

Clearly, the plain language of section 233.021 indicates that, in a non-agreed child support review process, the clerk is obligated to deliver by personal service only a copy of the petition and order to each party entitled to service and who has not waived service. § 233.021(c). Section 233.022 identifies what will constitute a request for a hearing on a non-agreed order. See § 233.022. Section 233.023 provides that a party may request a hearing within 20 days of the party's receipt of the petition. § 233.023. Section 233.0271 provides that, if a request for a hearing is not timely received, "the court shall confirm and sign a nonagreed child support review order not later than the 30th day after the date the petition for confirmation was delivered to the last party entitled to service." § 233.0271(a) (emphasis added).

We construe the plain language of these sections to provide a specific means of establishing parentage and child support obligations that deviates from the general rules of the Texas Rules of Civil Procedure. While proper citation is necessary to support a default judgment in a civil case generally, see Wilson, 800 S.W.2d at 836, we believe that the interplay of the sections cited above establishes a process by which a default judgment may be taken in a child support review process proceeding without the issuance of a citation. The plain language of section 233.0271 places a duty upon the trial court to confirm and sign a non-agreed order within 30 days after the petition was delivered to the

6

last party entitled to <u>service</u>. By use of these words, we believe that the legislature intended that service of the petition and proposed order, as directed under section 233.021, would be sufficient service to support a default judgment against a party that failed to timely request a hearing.

C.H. contends that section 160.634 expressly requires that a man must be served with process before a default judgment adjudicating the paternity of the man may be entered against him. <u>See</u> § 160.634(1). The phrase "service of process" is not specifically defined by the Family Code. However, in the context of a child support review process proceeding, section 233.0271 indicates that delivery of the petition is sufficient to meet a party's entitlement to service. <u>See</u> § 233.0271(a). Therefore, we conclude that there is no conflict between section 160.634's requirement of service of process and section 233.0271's identification of what constitutes sufficient service for a child support review process proceeding.

C.H. further contends that section 102.009 explicitly requires that he be served with citation. As applicable to the present case, section 102.009 provides,

> (a) . . . the following are entitled to service of citation on the filing of a petition in an original suit:
> (8) an alleged father . . . .
> (c) Citation on the filing of an original petition in a suit shall be issued and served as in other civil cases.

§ 102.009(a)(8), (c). Because, throughout this proceeding, C.H. was an alleged father, he contends that he was entitled to service of citation under section 102.009 and that the

7

defect in the citation issued in this case precluded the trial court's entry of a default judgment against him.

Section 311.025(a) of the Code Construction Act provides that, if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails. TEX. GOV'T CODE ANN. § 311.025(a) (Vernon 2005). Section 311.026(b) of the Code Construction Act provides that, when conflict between a general provision and a special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent of the legislature is that the general provision prevail. TEX. GOV'T CODE ANN. § 311.026(b).

Section 102.009 was enacted in 1995 and was included within Subtitle A, which is designated "General Provisions." See Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 126-27. At the time that section 102.009 was enacted, sections 233.021 and 233.0271(a) both specifically required the issuance of citation. See Act of June 16, 1993, 73rd Leg., R.S., ch. 730, § 14, 1993 Tex. Gen. Laws 2866, 2869. However, in 1997, sections 233.021 and 233.0271 were amended and any reference to citation was removed. See Act of June 16, 1993, 73rd Leg., R.S., ch. 730, § 14, 1993 Tex. Gen. Laws 2866, 2869, amended by Act of May 21, 1997, 75th Leg., R.S., ch. 911, § 80, 1997 Tex. Gen. Laws 2864, 2887-88. Thus, because determination of parentage is one of the specific purposes of the child support review process, we find section 102.009's citation requirement to be in irreconcilable conflict with sections 233.021 and 233.0271. As

8

sections 233.021 and 233.0271 were both later enacted and are specific to the child support review process, we will resolve this conflict in favor of these sections.

For the foregoing reasons, we conclude that, in a child support review process proceeding, personal service of the petition for confirmation of non-agreed review order and a copy of the order to each party entitled to service and that has not waived service is sufficient service to support confirmation of a non-agreed order by default. Accordingly, we overrule C.H.'s first issue.

Requisites of a Default Judgment

Next, C.H. contends that the default order in the present case is defective because the Associate Judge failed to provide notice to appellant of his right to *de novo* appeal and because the order deviates from the child support guidelines without including statutorily required findings of fact. The Attorney General responds that any error in failing to provide notice of any right to *de novo* appeal is not apparent on the face of the record and, in fact, no right to *de novo* appeal exists following a child support review process. However, the Attorney General agrees with appellant regarding the necessity of findings of fact. L.S. contends that C.H. was not entitled to notice of his right to *de novo* review and that the Associate Judge made sufficient findings for the determination of child support in this case.

Assuming that section 201.012's requirement of notice of right to *de novo* appeal is applicable to the present child support review process proceeding, an issue which we need not decide in the present appeal, we note that two of the three methods of providing

9

such notice may not appear on the face of the record.  See § 201.012(b)(2), (3).  In the present case, there is nothing on the face of the record that either proves or disproves that notice was given, as acknowledged by C.H. in his appellate brief.  As such, in a restricted appeal, we cannot say that the trial court erred in failing to give notice to C.H. of his right to *de novo* appeal because we cannot determine from the face of the record whether such notice was given.  See Quaestor Invs., Inc., 997 S.W.2d at 227 (in restricted appeal, error must be apparent on the face of the record); Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture, 811 S.W.2d 942, 944 (Tex. 1991) ("The absence from the record of affirmative proof that notice . . . was provided does not establish error.").

Section 154.130 requires a trial court ordering child support that varies from the amount that would result if the guidelines were applied to make certain findings.  See § 154.130(a)(3).  Among the findings that the trial court must make are the net monthly resources of the obligor and obligee, the percentage applied by the court to the obligor's net monthly resources that yields the child support obligation set by the court, the amount of support that would result if the guidelines were followed, and the specific reasons why the amount ordered by the court varies from the amount called for by application of the guidelines.  See § 154.130(b).  These findings are mandatory and the failure to make them when required constitutes reversible error.  See In re C.W., No. 07-04-0543-CV, 2006 Tex.App. LEXIS 363, at *7-*8 (Tex.App.–Amarillo January 17, 2006, no pet.) (citing Hanna v. Hanna, 813 S.W.2d 626, 628 (Tex.App.–Houston [1st Dist.] 1991, no writ)).

In the present case, the order expressly states that the amount of child support varies from the guidelines for a 36 month period.  However, the order does not include

10

findings of the net monthly resources of C.H. or L.S., the percentage applied to C.H.'s net monthly resources by the order, the amount of support that would result from application of the guidelines, or the specific reasons why the amount ordered varies from the amount that would result from application of the guidelines.  The failure to make these requisite findings is reversible error.  Id.

However, L.S. contends that a separate document contained in the record is sufficient to satisfy the requirements of section 154.130.  While a separate document can satisfy the requirements of section 154.130, see Zajac v. Penkava, 924 S.W.2d 405, 410 (Tex.App.–San Antonio 1996, no writ), the separate document here, a notation in the court's "Civil Docket," provides that C.H.'s child support is set at $960 per month with the additional $400 per month being for day care expenses.  Further, this notation provides that this "departure upward [is] for demonstrated needs of child."  At best, this notation provides a specific reason why the amount of child support ordered varies from the amount that we presume would result from application of the guidelines.  Nothing in the notation or the order satisfies the requirement that the court make findings regarding the net monthly resources of C.H. and L.S., the percentage applied to C.H.'s net monthly resources by the order, or the amount of support that would result from application of the guidelines.  The trial court's failure to comply with the mandatory requirements of section 154.130 is reversible error.  See In re C.W., 2006 Tex.App. LEXIS 363, at *7-*8.  As such, we sustain this portion of C.H.'s second issue.

11

Evidentiary Sufficiency

C.H.'s third issue contends that the evidence was insufficient to support the child support obligation set in the order. Because we have already granted C.H. the relief that he requests by his third issue in sustaining his second issue, we need not address this issue. See TEX. R. APP. P. 47.1.

Conclusion

That portion of the trial court's Order in Suit Affecting the Parent-Child Relationship that sets C.H.'s child support obligation is reversed and remanded for further proceedings consistent with this opinion. In all other respects, the trial court's Order in Suit Affecting the Parent-Child Relationship is hereby affirmed.

Mackey K. Hancock
Justice