

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00329-CV

David M. **GARCIA**,
Appellant

v.

Lori Ann **GARCIA**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-17627
Honorable Larry Noll, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  March 20, 2013

REVERSED IN PART AND REMANDED; AFFIRMED IN PART

In this appeal, appellant challenges those portions of the trial court's "Final Decree of Divorce" ordering him to pay $9,000.00 for past child support and spousal support, and ordering him to pay child support in the monthly amount of $407.43.  Appellant also asserts the trial court erred by not entering the findings required under Texas Family Code section 154.130.

## CHILD SUPPORT

In situations in which the obligor's monthly net resources are not greater than $7,500 or the adjusted amount determined under section 154.125(a-1), whichever is greater, a trial court

should presumptively apply the following when, as here, there are two children: twenty-five percent of the obligor's net resources. TEX. FAM. CODE ANN. § 154.125(a), (b) (West Supp. 2012). On appeal, appellant does not state the amount of child support he should be required to pay; therefore, we construe appellant's argument as contending the amount of $407.43 exceeds twenty-five percent of his net resources. In a related issue, appellant asserts the evidence does not support the trial court's award of $407.43 per month.

A trial court ordering child support that varies from the amount computed by applying the percentage guidelines is required to make certain findings including: (1) whether the application of the guidelines would be unjust or inappropriate; (2) the net monthly resources of the obligor and obligee; (3) the amount of support that would result if the guidelines were followed; (4) the percentage applied by the court to the obligor's net monthly resources that yields the child-support obligation set by the court; and (5) the specific reasons why the amount ordered by the court varies from the amount called for by application of the guidelines. TEX. FAM. CODE ANN. § 154.130(a)(3), (b) (West 2008); *In re S.B.S.*, 282 S.W.3d 711, 717 (Tex. App.—Amarillo 2009, pet. denied). Such findings are mandatory and the failure to make them when required constitutes reversible error. *In re N.T.*, 335 S.W.3d 660, 668 (Tex. App.—El Paso 2011, no pet.); *In re S.B.S.*, 282 S.W.3d at 717. Here, the trial court did not make the section 154.130 findings. However, before we can conclude the trial court erred, we must first review the evidence to determine whether the award of $407.43 exceeds the guidelines.

At the time of the underlying May 2011 bench trial, one of appellant's and appellee's daughters was eleven years old and the other was two years old. Neither of the two children has any medical or mental condition that requires on-going treatment. Pursuant to November 1, 2010 temporary orders, appellant was required to pay appellee $500.00 per month in temporary

spousal support. He stated he was behind on the payments and intended to repay appellee after he found employment.

Appellant testified he was presently unemployed, but had previously been self-employed for about twenty years as a long-distance truck driver. As a long-distance truck driver, he earned .16 cents per mile and was allowed to drive up to about 500 miles per day twenty to twenty-two days per month, which amounts to an approximate gross income of $1,760.00 per month. From this amount, taxes, insurance, and food would be deducted. He could not state his net take-home pay.

Appellant has a high school education and obtained his GED. On March 30, 2009, he filed bankruptcy, which was dismissed sometime before trial. At some point in time, appellant's truck was repossessed. In November 2010, he lost his Texas Department of Transportation medical certification allowing him to drive a long-distance truck because he has sleep apnea. However, if he undergoes sixty days of "continuous positive airway pressure" therapy he may be able to regain his certification to drive. His ability to complete the required therapy was interrupted when he was injured in a motorcycle accident. If his medical rehabilitation is successful and he is able to return to work as a truck driver, he expects to earn about $1,760.00 per month.

On March 16, 2011, appellant was in a motorcycle accident breaking his hand, shoulder, and collarbone. He will probably need surgery, and he has not been released to return to work. Appellant has tried to find other employment, but has only been able to work part-time for his brother "putting receipts into a computer," which he hopes will earn him about $100 per week. He currently resides at his mother's house, with his niece, her husband, and her friend. They pay the bills, appellant pays nothing.

Appellee did not dispute appellant's claim that he has sleep apnea, he no longer has the certification needed to drive his truck, and he suffered injuries in the motorcycle accident. She did not dispute his claim that he has not earned any money from his trucking business since November 2010. In December, she asked for monthly child support in the amount of $1,000; however, when asked if she thought she was entitled to more than the statutory guidelines allowed, she responded "No." Of the $9,000.00 appellant owes her for back child support and spousal support, appellee testified appellant has paid $2,500.00.

After reviewing the record, we believe the trial court may have exceeded the Family Code guidelines by ordering appellant to pay $407.43 per month for the two children. Appellant testified his gross pay, when he returns to work, could be $1,760.00. For a monthly gross wage of $1,700.00, the Office of Attorney General "Self-Employed Persons 2011 Tax Chart" calculates a net monthly income of $1,408.38, twenty-five percent of which equals $352.10. *See* TEX. FAM. CODE ANN. § 154.061 (West 2008).[1] Because the record appears to support appellant's contention that the trial court exceeded the statutory guidelines, we conclude the trial court was required to enter the findings required by Family Code section 154.130.

**JUDGMENT FOR UNPAID CHILD SUPPORT AND SPOUSAL SUPPORT**

Appellant asserts the trial court erred by ordering him to pay to appellee the amount of $9,000.00 in child support and spousal support arrearages when appellee testified he had paid $2,500.00 of that amount. Based on appellee's testimony recited above, we agree.

**CONCLUSION**

For the reasons stated above, we reverse that portion of the trial court's "Final Decree of Divorce" pertaining to "Child Support" and the "Judgment for Child Support and Spousal

---

[1] The divorce decree was signed on February 28, 2012, but trial was held in 2011.

Support," and we remand those matters to the trial court for further proceedings consistent with

this opinion.[2]  We affirm the remainder of the final decree in all other respects.


Sandee Bryan Marion, Justice

---

[2] In view of the trial court's failure to make the section 154.130 findings and our remand for further proceedings, we decline to address appellant's challenge to the sufficiency of the evidence in support of the amount of child support awarded in the decree. *See In re S.B.S.*, 282 S.W.3d at 717 (declining same).