

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00034-CV

Julio Marcos **AGUILERA**,
Appellant

v.

Delmis Sirey **AGUILERA**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-16322
Honorable Larry Noll, Judge Presiding

PER CURIAM

Sitting:　　Karen Angelini, Justice
　　　　　　Marialyn Barnard, Justice
　　　　　　Rebeca C. Martinez, Justice

Delivered and Filed: February 26, 2014

ABATED AND REMANDED

　　　Julio Marcos Aguilera appeals from a final judgment of divorce, chiefly complaining about the property division, conservatorship order, and child support. Because the amount of child support ordered varies from the amount computed by applying the statutory guidelines, and because the trial court failed to make the findings required by section 154.130 of the Texas Family Code, we abate the appeal, and remand the cause to the trial court for the entry of findings pursuant

to section 154.130 of the Family Code. *See* TEX. FAM. CODE ANN. § 154.130(a)(3), (b) (West Supp. 2013). We do not address the remaining issues raised in Julio's brief at this time.

### BACKGROUND

Julio and Delmis Sirey Aguilera married in 2003. The couple had one daughter, born in 2001. In 2011, Delmis filed for divorce and Julio filed a counterpetition for divorce. The divorce was granted following a bench trial. The final decree of divorce appointed Julio and Delmis as joint managing conservators of their daughter, and gave Delmis the exclusive right to designate the child's primary residence. Julio was ordered to pay child support in the amount of $250, with $144 of that amount being credited from his Social Security disability payments. Delmis was awarded the couple's home, and was ordered to assume the mortgage, property taxes, and insurance on the home. In terms of personal property, each party was awarded the items they asked for, with the exception of the power generator, the lawn mower, and the lawn tools, which were awarded to Delmis. The parties were each ordered to pay one half of the $26,000 of credit card debt held in Delmis's name; Julio was ordered to pay the $9,000 credit card debt held in his name. Julio was awarded his $15,500 Social Security lump sum award as well as the proceeds, if any, of a pending lawsuit. The parties were ordered to pay their own legal fees.

### DISCUSSION

We first address Julio's argument that the trial court erred in setting child support in excess of the statutory guidelines. The evidence at trial was that Julio's only "income" is Social Security disability in the amount of $817 per month; $144 of that amount goes to Julio's daughter. Julio further testified that after he stopped working at a cable company due to a disability caused by a car accident, he sometimes fixed computers in his home's garage to earn extra money. Julio also testified that he possesses several technical degrees and a real estate license. After Delmis filed for divorce, Julio moved out of the family home and now lives in an efficiency apartment. Julio

stated that he no longer has the ability to earn extra income because he no longer has access to his home's garage to work on computers. He also suffers from back and neck pain that prevents him from sitting for long periods of time. The trial court set child support at $250, with $144 being credited from the Social Security Administration payment received by Julio's daughter due to his disability.

The trial court has discretion to set child support within the parameters provided by the Family Code. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). The Family Code bases the calculation of child support on a percentage of monthly resources. *See Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam); TEX. FAM. CODE ANN. § 154.125 (West Supp. 2013). "The trial court has the discretion to deviate from the guidelines and consider other factors." *Tenery*, 932 S.W.2d at 30; TEX. FAM. CODE ANN. § 154.123 (West 2008). If, however, the trial court orders child support that varies from the guidelines, section 154.130 requires that certain findings be made. TEX. FAM. CODE ANN. § 154.130(a)(3), (b); *In re S.B.S.*, 282 S.W.3d 711, 717 (Tex. App.—Amarillo 2009, pet. denied). "These findings are mandatory and the failure to make them when required constitutes reversible error." *In re S.B.S.*, 282 S.W.3d at 717.

Pursuant to the guidelines, Julio should pay twenty percent of his net monthly resources. TEX. FAM. CODE ANN. § 154.125(b) (West Supp. 2013); *see also id.* § 154.132 (West 2008) (Family Code requires the trial court to subtract from the total due under the child support guidelines the amount of benefits paid to or for the child as a result of the obligor's disability when calculating the amount of child support to be paid by a disabled obligor). Julio testified that he receives $817 a month in disability benefits. Twenty percent of that amount is $163.40, yet the trial court ordered child support in the amount of $250. The total amount of child support ordered by the trial court thus exceeds the statutory guidelines by $86.60.

Although the amount of child support varies from the statutory guidelines, the trial court failed to make the findings required under section 154.130. *See* TEX. FAM. CODE. ANN. § 154.130(a)(3), (b). The language of section 154.130 is mandatory, even without a request from a party. *Id.*; *see also In re S.B.S.*, 282 S.W.3d at 717; *Omodele v. Adams*, No. 14-01-00999-CV, 2003 WL 133602, at *5 (Tex. App.—Houston [14th Dist.] Jan. 16, 2003, no pet.) (mem. op.) (no request is necessary to trigger the trial court's obligation under section 154.130(a)(3)).

Because the amount of support ordered deviates from the amount computed by applying the percentage guidelines, the trial court erred in failing to make findings. *See Tenery*, 932 S.W.2d at 30; *In re D.G.R., III*, No. 04-05-00439-CV, 2006 WL 1684677, at *2 (Tex. App.—San Antonio June 21, 2006, no pet.) (mem. op.). Because the error was harmful, the appeal is abated, and the cause is remanded to the trial court with instructions to enter findings pursuant to section 154.130(b) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 154.130(b) (West Supp. 2013); TEX. R. APP. P. 44.1(a)(2).

PER CURIAM